DWAYNE S. MONTGOMERY, CDCR# K14298
Name and Prisoner/Booking Number

MULE CREEK STATE PRISON
Place of Confinement

3000 Cecil Ave.; P.O. Box 5103
Mailing Address

Delano, California 93216
City, State, Zip Code

(Failure to notify the Court of your change of address may result in dismissal of this action.)

**FILED**
Jan 20, 2022
CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA

# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF CALIFORNIA

DWAYNE STEVEN MONTGOMERY,
(Full Name of Plaintiff)
Plaintiff,

v.

(1) J. MORENO
(Full Name of Defendant)

(2) K. KIRKENDALL

(3) C. LAMOTT

(4) P. COVELLO, WARDEN, ET AL.
Defendant(s).

☒ Check if there are additional Defendants and attach page 1-A listing them.

CASE NO. 1:22-cv-00078-HBK(PC) _____
(To be supplied by the Clerk)

**CIVIL RIGHTS COMPLAINT BY A PRISONER**

DEMAND FOR JURY TRIAL
☒ Original Complaint
☐ First Amended Complaint
☐ Second Amended Complaint

## A. JURISDICTION

1. This Court has jurisdiction over this action pursuant to:
   ☒ 28 U.S.C. § 1343(a); 42 U.S.C. § 1983
   ☐ 28 U.S.C. § 1331; Bivens v. Six Unknown Federal Narcotics Agents, 403 U.S. 388 (1971).
   ☐ Other: _____

2. Institution/city where violation occurred: _____

Revised 3/15/2016

1

additional defendants names: cont.

(5) C. WILLIAMS

(6) S. WONG

(7) C. SMITH

(8) S. GATES

(9) B. HOLMES

(10) R. ROY

additional defendants names: cont.

## B. DEFENDANTS

1. Name of first Defendant: __J. MORENO_____. The first Defendant is employed as: __Correctional Supervisor Cook ("CSC")__ at __Mule Creek State Prison ("MCSP")__.
   (Position and Title)                                    (Institution)

2. Name of second Defendant: __K. KIRKENDALL_____. The second Defendant is employed as: __Licensed Vocational Nurse ("LVN")__ at __MCSP__.
   (Position and Title)                                    (Institution)

3. Name of third Defendant: __C. LAMOTT_____. The third Defendant is employed as: __Correctional Officer ("c/o")__ at __MCSP__.
   (Position and Title)                                    (Institution)

4. Name of fourth Defendant: __PATRICK COVELLO_____. The fourth Defendant is employed as: __Warden (A)__ at __MCSP__.
   (Position and Title)                                    (Institution)

If you name more than four Defendants, answer the questions listed above for each additional Defendant on a separate page.

## C. PREVIOUS LAWSUITS

1. Have you filed any other lawsuits while you were a prisoner?   ☒ Yes   ☐ No

2. If yes, how many lawsuits have you filed? _____. Describe the previous lawsuits:

   a. First prior lawsuit:
      1. Parties: __Montgomery, Dwayne__ v. __C. Noll, et al.,__
      2. Court and case number: __C-06-4407-SI (N.D. Cal.)__
      3. Result: (Was the case dismissed? Was it appealed? Is it still pending?) __Settlement__

   b. Second prior lawsuit:
      1. Parties: __Montgomery, Dwayne__ v. __Sanchez__
      2. Court and case number: __No. 1:11-cv-961 (E.D. Cal.)__
      3. Result: (Was the case dismissed? Was it appealed? Is it still pending?) __Dismissed for failure to exhaust__

   c. Third prior lawsuit:
      1. Parties: __Montgomery, Dwayne__ v. __Cox, et al.,__
      2. Court and case number: __No. 2:19-cv-02081-MCE-KJN (E.D. Cal.)__
      3. Result: (Was the case dismissed? Was it appealed? Is it still pending?) __Settlement__

If you filed more than three lawsuits, answer the questions listed above for each additional lawsuit on a separate page.

B. DEFENDANTS -- Cont.

5. Name of fifth Defendant: Sam Wong . This fifth Defenfant is employed as:
   A licensed Physician ("PCP") at Mule Creek State Prison.

6. Name of sixth Defendant: C. SMITH . The sixth Defendant is employed as:
   Chief Physician & Surgeon; Health Care Grievance Coordinator at Mule Creek State Prison.

7. Name of seventh Defendant: S. GATES . The seventh Defendant in employed as:
   Chief, MD; Health Care Correspondence and Appeals Branch, Policy & Risk Management
   Services/California Correctional Health Care Services at Mule Creek State Prison.

8. Name of Eighth Defendant: B. HOLMES . The eighth Defendant is employed as:
Chief Deputy Warden ("CDW") at Mule Creek State Prison.

9. Name of ninth Defendant: R. ROY. The ninth Defendant is employed as: Food Service
   Management ("AW") at Mule Creek State Prison.

10. Name of tenth Defendant: Charles Williams. The tenth Defendant is employed as:
    Supervising Correctional Cook ("SCC") at Mule Creek State Prison.


C. PREVIOUS LAWSUITS -- Cont.

d. Fourth prior lawsuit:
   1. Parties: Montgomery, Dwayne v. Sanchez.
   2. Court and case number: No. 1:13-cv-00247 (E.D. Cal.)
   3. Results: Dismissed; for failure to exhaust.

e. Fifth prior lawsuit:
   1. Parties: Montgomery, Dwayne v. Sam Wong, et al.,
   2. Court case number: No. 2:20-cv-01515-DB (E.D. Cal.)
   3. Result: Voluntary dismissal Rule 41 FRCP

## D. CAUSE OF ACTION

### CLAIM I

1. State the constitutional or other federal civil right that was violated: __PERSONAL SAFETY VIOLATION__ __HAZARDIZE WORKING CONDITIONS/ENVIROMENT__.

2. **Claim I.** Identify the issue involved. Check **only one**. State additional issues in separate claims.
   - ☐ Basic necessities
   - ☐ Mail
   - ☐ Access to the court
   - ☐ Medical care
   - ☐ Disciplinary proceedings
   - ☐ Property
   - ☐ Exercise of religion
   - ☐ Retaliation
   - ☐ Excessive force by an officer
   - ☒ Threat to safety
   - ☒ Other: __Unsafe working conditions__.

3. **Supporting Facts.** State as briefly as possible the FACTS supporting Claim I. Describe exactly what **each Defendant** did or did not do that violated your rights. State the facts clearly in your own words without citing legal authority or arguments.
   See attached Complaint.

4. **Injury.** State how you were injured by the actions or inactions of the Defendant(s).
   I re-injured my back, and fractured my hip bone. I was not supposed to have been assigned to work that position, due to curent medical conditions, that were already in my C-file, and medical records. Which clearly instructed custody not to assign me to any strenuous working assignment, that required me to lift more then 20 pounds, or stand or walk for long distance and/or periods of time. Irreparable harm caused.

5. **Administrative Remedies.**
   a. Are there any administrative remedies (grievance procedures or administrative appeals) available at your institution? ☒ Yes ☐ No
   b. Did you submit a request for administrative relief on Claim I? ☒ Yes ☐ No
   c. Did you appeal your request for relief on Claim I to the highest level? ☒ Yes ☐ No
   d. If you did not submit or appeal a request for administrative relief at any level, briefly explain why you did not. __I attempted to appeal this matter at the medical level. But, both medical staff, and custody staff, subterfuged my efforts to effectivel do so.__
   See HC-Grievance. Appeal# MCSP-HC-20000253; MCSP-HC-19001680; MCSP-A-20-00902

3

## CLAIM II

1. State the constitutional or other federal civil right that was violated: <u>FAILURE TO PROVIDED ANY FORM OF MEDICAL CARE IMMEDIATELY FOLLOWING THE INCIDENT.</u>

2. **Claim II.** Identify the issue involved. Check **only one**. State additional issues in separate claims.
   - ☐ Basic necessities
   - ☐ Mail
   - ☐ Access to the court
   - ☒ Medical care
   - ☐ Disciplinary proceedings
   - ☐ Property
   - ☐ Exercise of religion
   - ☐ Retaliation
   - ☐ Excessive force by an officer
   - ☐ Threat to safety
   - ☐ Other: _____

3. **Supporting Facts.** State as briefly as possible the FACTS supporting Claim II. Describe exactly what **each Defendant** did or did not do that violated your rights. State the facts clearly in your own words without citing legal authority or arguments.

   <u>See attached Complaint</u>

4. **Injury.** State how you were injured by the actions or inactions of the Defendant(s).

   <u>Compelled to suffer in severe pain, without any pain medication, or medical evaluation, thus, exerbating my injury and thresehold of pain.</u>

5. **Administrative Remedies.**
   a. Are there any administrative remedies (grievance procedures or administrative appeals) available at your institution? ☒ Yes ☐ No
   b. Did you submit a request for administrative relief on Claim II? ☒ Yes ☐ No
   c. Did you appeal your request for relief on Claim II to the highest level? ☒ Yes ☐ No
   d. If you did not submit or appeal a request for administrative relief at any level, briefly explain why you did not. _____

4

# CLAIM III

1. State the constitutional or other federal civil right that was violated: <u>DENIED WORKERS COMPENSATION RELIEF BENEFITS PURSUANT TO 18 U.S.C. § 4126; DUE PRISON OFFICIALS FAILURE TO PERFORM AND ADEQUATELY DOCUMENT ALL INJURIES INCURRED DURING THE INCIDENT. CLAIM #06511768</u>

2. **Claim III.** Identify the issue involved. Check **only one**. State additional issues in separate claims.
   - ☐ Basic necessities
   - ☐ Mail
   - ☐ Access to the court
   - ☒ Medical care
   - ☐ Disciplinary proceedings
   - ☐ Property
   - ☐ Exercise of religion
   - ☐ Retaliation
   - ☐ Excessive force by an officer
   - ☐ Threat to safety
   - ☒ Other: <u>Inadequate medical records</u>

3. **Supporting Facts.** State as briefly as possible the FACTS supporting Claim III. Describe exactly what **each Defendant** did or did not do that violated your rights. State the facts clearly in your own words without citing legal authority or arguments.

   See attached Complaint

4. **Injury.** State how you were injured by the actions or inactions of the Defendant(s).

5. **Administrative Remedies.**
   a. Are there any administrative remedies (grievance procedures or administrative appeals) available at your institution? ☒ Yes ☐ No
   b. Did you submit a request for administrative relief on Claim III? ☒ Yes ☐ No
   c. Did you appeal your request for relief on Claim III to the highest level? ☒ Yes ☐ No
   d. If you did not submit or appeal a request for administrative relief at any level, briefly explain why you did not. _____

**If you assert more than three Claims, answer the questions listed above for each additional Claim on a separate page.**

5

## E. REQUEST FOR RELIEF

State the relief you are seeking:

Petitioner respectfully pray that the following damages be awarded:

1) Compensatory damages in the amount of one-hundred thousand dollars ($100,000.00) for his pain and suffering, and the mental and emotional distress he endured due to these defendants conduct.

2) Punitive damages be award to the petitioner in an amount that the jury deems reasonable, for the lack of care and/or attention provided to him, throughout the duration of petitioners pursuit to reach this point in to receive any type of relief.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on __January 14, 2022__                    _Wayne S. Monts_
                DATE                                SIGNATURE OF PLAINTIFF

_____
(Name and title of paralegal, legal assistant, or
other person who helped prepare this complaint)

_____
(Signature of attorney, if any)

_____
_____
_____
(Attorney's address & telephone number)

## ADDITIONAL PAGES

All questions must be answered concisely in the proper space on the form. If you need more space you may attach more pages, but you are strongly encouraged to limit your complaint to twenty-five pages. If you attach additional pages, be sure to identify which section of the complaint is being continued and number all pages. Remember, there is no need to attach exhibits to your complaint.

Application to proceed in forma pauperis has been sent to Trust office for processing. See complete supporting facts claims attached hereto.

6

DWAYNE S. MONTGOMERY
CDCR# K14298
Kern Valley State Prison
3000 West Cicil Ave./P.O. Box 6000
Delano, California 93216

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF CALIFORNIA

DWAYNE S. MONTGOMERY )
      Plaintiff, )
  V. )
                   ) Case Number: _____
J. MORENO, C. WILLIAMS, S. WONG, )
C. LAMOTT, K. KIRKENDALL, ) COMPLAINT FOR DAMAGES UNDER
C. SMITH, S. GATES, sued in ) THE CIVIL RIGHTS ACT 42 U.S.C.
INDIVIDUAL and OFFICIAL CAPACITY ) § 1983 and COMPENSATORY RELIEF
P. COVELLO, B. HOLMES, R. ROY ) pursuant 18 U.S.C. § 4126
sued in their OFFICIAL CAPACITY )
      Defendants. )

## INTRODUCTION

1. Plaintiff, Dwayne S. Montgomery, ("hereinafter Plaintiff"), bring this civil complaint for injuctive relief and compensatory damages, under U.S.C. 42 § 1983 and 18 U.S.C. § 4126, alleging personal safety violations, hazardous working conditions and denial of medical care following said incident, in violation of his Constitutional rights under the Eighth Amendment. Conditions of confinement of inhuman working enviroment that posed substantial risk to serious harm, and diliberate and unreasonable lack of medical care, causing unnecessary and wanton infliction of pain.

## I. JURISDICTION AND VENUE

2. This case is brought pursuant to 42 U.S.C. § 1983, because Plaintiff's Constitutional rights were violated by each individual defendant, acting under the color of State law. Jurisdiction is based upon 28 U.S.C. § 1331 and 1343.

(1)

3. The unlawful acts alleged in this complaint occurred in this judicial district, and the majority of defendants resides within the district 28 U.S.C. § 1391(b).

## II. PARTIES

4. Plaintiff, Dwayne S. Montgomery, was at all relevant time, a prisoner of the State of California, in the custody of the California Department of Correc-tions and Rehabilitation ("CDCR"), confined in Mule Creek State Prison ("MCSP").

5. On information and belief, defendant ("def.") J. Moreno ("Moreno") was at all relevant time, employed by CDCR, as a Correctional Supervisor Cook ("CSC"), assigned to MCSP. On February 12, 2020, def. Moreno was assigned to A-facility culinary/dining room. Def. Moreno is being sued in his individual and official capacity.

6. On information and belief, def. C. Williams ("Williams") was at all rele-vant time, employed by CDCR as the Supervising Correctional Cook ("SCC"), assigned to MCSP as the SeniorSupervisor, overseeing all CSC's at MCSP, on facilities A,B & C. Williams is being sued in his individual and official capacity.

7. On infomation and belief, def. C. LaMott ("LaMott") was at all relevant time, employed by CDCR, as a Corrections Officer ("c/o"). At all times mentioned def. LaMott was assigned to MCSP, facility-A dining room, as the correctional security inmate supervising officer. Def. LaMott is being sued in his individual and official capacity.

8. On information and belief, def. K. Kirkendall ("Kirkendall") was at all relevant time, employed by CDCR, serving in the capacity of a Licensed Vocat-ional Nurse ("LVN"), assigned to facility-A medical clinic at MCSP. Def. Kirk-endall is being sued in her individual and official capacity.

9. On information and belief, def. Sam Wong ("Wong") was at all relevant time employed by CDCR, serving in the capacity of Primary Care Provider ("PCP"), assigned to Facity-A, medical clinic at MCSP. Def. Wong is being sued in his individual and official capacity.

10. On information and belief, def. C. Smith ("Smith") was at all relevant time employed by CDCR, serving in the capacity of Chief Physician & Surgeon ("CP&S"), as the Health Care Appeals Grievance Coordinator at MCSP. Def. Smith is being sued in his individual and official capacity.

11. On information and belief, def. S. Gates ("Gates") was at all relevant time, employed by CDCR, serving in the capacity of Chief, Health Care Correspondance and Branch Policy and Risk Management Service, and California Correctional Health Care Services. Def. Gates is being sued in his individual and official capacity.

12. On information and belief, def. Patrick Covello, was employed by CDCR, holding the rank of Warden, assigned to MCSP. Def. Covello is responsible for overseeing all daily administrative functions on all facilities at MCSP. His duties includes but are not limited to, monitoring all subordinates serving in any administrative manner; reviewing and responding to administrative inmate appeals and staff misconduct complaints, submitted by inmates at MCSP. He is being sued in his official capacity.

13. on information and belief, def. B. Holmes ("Holmes") was at all relevant time, employed by CDCR, serving in the capacity o, Chief Deputy Warden ("CDW") assigned to MCSP. He is responsible for overseeing all daily administrative functions and operations on behalf of the Warden. His administrative duties includes, but are not limited to supervising all administrative subordinates; review and respond to all administrative inmate appeals, staff misconduct

(3)

complaints submitted by inmates at MCSP. Def. Holmes is being sued in his official capacity.

14. On information and belief, def. R. Roy ("Roy") was at all relevant time, employed by CDCR, serving in the capacity of Associate Warden and Business Ser-vice Management ("AW/BSM") at MCSP. His administrative duties includes but are not limited to the management and supervision of the Health and Safety Program according to the Departm,ents Operational Manual ("D.O.M.") Def. Roy is being sued in his official capacity.

15. At all relevant time mentioned herein, these defendants were acting under the color of State law.

## STATEMENT OF FACTS

16. On February 12, 2020, while performing work duties in the facility-A culinary, Plaintiff slipped and fell on some food spillage that had been left on the floor in front of the food serving line, while carry some pots and pans to [h]is assigned work area in the scullary. Plaintiff slipped and fell, injuring his hip and lower back in the accident. Plaintiff immediately, upon being assisted to his feet by other inmate workers, reported the incident to def. Moreno and LaMott. Def. LaMott contacted def. Kirkendall, who was the LVN on duty in the facility-A medical clinic. Def. LaMott, informed def. Kirkendall thay the Plaintiff had fallen while carrying pots and pans, and had suffered injuries as a result of the fall, and needed medical attentiomn.

17. Def. Kirkendall informed LaMott to send the Plaintiff to the medical clinic. Upon Plaintiff being wheelchaired over to the medical clinic, def. Kirkendall in-formed him that there was no doctor on duty , and that the injuries didn't appear serious enough to need immediate medical attention, and that there was no reason why Plaintiff couldn't wait to be seen by medical personnel. Def. K

Kirkendall issued Plainiff two (2) tylonals, and sent plaintiff back to his assigned housing unit, while still in pain unable to walk on his on without the aid of a wheelchair. No further medical actions or steps had been taken by def. Kirkendall, to secure any further medical aid or documentation was taken to secure an accurate record of event (i.e., X-ray of plaintiffs' back, temperature, written report of the actions she took, ect.).

### FIRST CAUSE OF ACTION
### PERSONAL SAFETY VIOLATIONS
### HAZARDIZE WORKING CONDITIONS/ENVIROMENT

18. Plaintiff contends that facility-A culinary/kitchen/food serving area, does not have slip proof mats. During food preparation and food seriving time, there is always water, food and other slipery substance (e.g., grease residue, ect), during the time that food is being served. The entire kitchen area becomes a high traffic work area (e.g., food is being moved afround from one location to another, pots and pans are being transported from the ovens & carts; used pots and pans are being moved from the serving line to the scullary area), and there isn't always time to immediately stop to clean up stillage. Even when the mess is cleaned up, it isn't cleaned adequately sometimes, which leaves slippery residue behind, causing these high trafficed areas to become hazardously slippery.

19. There are no slip proof mats, or any other safety measures in place that would prevent or even limit the possibility of these type of accidents from re-occurring in the future.

20. These types of incidence has become very common events in this work area, which has been well documented over the years. Which many inmates and even staff members have had accidents. Some more serious and severe than others, in which inmates have even suffered second and third degree burns to their body's as a direct result of the lack of preventable safety meassures such as slip proof mats.

(5)

21. Def. Covello, Holmes and Roy, have been made aware of these deficiencies, and safety hazards through various inmates appeals/complaints that's been submitted, pertaining to these matters. They all have been notified by plaintiff, via, inmate appeals process, which demonstrates that they all have reviewed and signed off on the responses given or decisions reached in this matter. (See Inmate appeal Log. No. MCSP-A-20-00902).

22. Plainiff contends that defs. Covello, Holmes and Roy were diliberately indifference to [h]is (and others workers) health and safety needs.

23. The Constitution requires prison officials provide "reasonable safety" living conditions, they must protect inmates from unreasonable hazardous working conditions.

24. These defs. acted with reckless disregards to the plaintiffs' safety, when they failed to take reasonable actions to correct the hazardous working enviroment, in which they had been notified and made aware of through multiple grievances filed, relating to the deficiencies articulated in this petition. They knew about these conditions, and completely disregarded the fact that the lack of slip proof mats and/or other safety meassures presented a substantial risk to the safety of both staff and inmates.

## SECOND CAUSE OF ACTION
### FAILURE TO PROVIDE MEDICAL TREATMENT TO PLAINTIFF AFTER SUFFERING A WORK TRLATED INJURY

1. Defs. Moreno, LaMott and Kirkendall, failed to follow proper protocol and other required procedures to ensure that plaintiff received adequate medical treatment following him suffering a work related injury. They also failed to timely prepare individual incident reports; record and submit all required documentation to preserve an accurate record of the events that had taken place on 3/12/20. They failed to ensure that the plaintiff received all required medical

(6)

attention and adequately document any injuries plaintiff sustained as a direct result of the incident.

### THIRD CAUSE OF ACTION
### CONDITIONS OF CONFINEMENT
### PLAINTIFF WAS DENIED WORKERS COMPENSATION AND MEDICAL BENEFITS DUE TO THE DEFENDANTS FAILURE TO PROVIDE MEDICAL RECORDS AND DOCUMENTATION OF INCIDENT AND INJURY REPORTS

26. Plaintiff contends that the remaining defs. participated, directly and/or indirectly, in the violations of his Constitutional rights, when they failed to take any actions to remedy any of the causation that contributed to his injuries or the lack of providing the required assistance in seeing that these rights were protected, in accords to the institutional policies and procedures set in place for such situations.

27. Pursuant to the D.O.M. section 31020.7.5.2.1: Distingishing Non-occupational Injuries, it states in relevant parts: "Departmental staff and inmates shall report all injuries sustained by an inmate. This report requirement enables the Department to provide prompt medical care and provide an accurate, detailed history of the cause of injury. An accident investigation shall be conducted to determine the cause of the injury and necessary steps to avoid further similar incident."

Defs. Moreno, LaMott, Williams, Kirkendall, Wong, Smith, and Gates, had a respon-sibility to ensure that these procedures were followed, to the letter. In which they all failed to do so.

28. Def. Kirkendall refusal to perform even a preliminary examination, or document that the incident even took place, was a blantant denial of the basic and fundamental requirements of plaintiffs constitioutional rights, under the Eighth Amendment. This def. actions created the problem for def. Wong, Smith and Gates

(7)

from effectively performing their duties as well. The D.O.M. in section 31020.7. 5.2.1: Recording Guidelines; "The medical department shall provide appropriate treatment or medical referral, then complete a CDC Form 7219, Medical Report of Injury or Unusual Occurrence, giving all the details of the injuries, diagnosis, and prognosis. Forward copis to the local Safety Coordinator and the inmates C-file. No one followed any of these procedures! In doing so, the Plaintiff was denied the basic medical treatment and/or therapy. In additionn, STATE COMPENSAT -ION INSURANCE FUND, committee, denied plaintiffs Workers Compensation claim. Claimm number 06511768.

29. Plaintiff submitted a Health Care Grievance against def. Kirkendall and Wong. See CDCR-602-HC Log number 2000253. Which had been reviewed by defs. Smith and Cates, both of whom failed to take the appropriate actions to correct the deficiency in the records, in accordance to policy. D.O.M. section 31020.4.2.1: Inmate Injury Recording; it states in relevant parts "In order to provide a convenient, centralized record of inmates injuries, illnesses, or death, which falls within the definition od a recordable occupational injury or illness, the log 200 shall be maintained by the medical department. This log may be used to record all injuries to inmates, which requires more than first aid treatment."

30. The SCIF Office handling the workers compensation claim for an occupational injury shall provide with copies of the SCIF Form 3067 and CDC Form 7219 and supporting documentation, which is completed for non-occupational injury/illness suffered by the inmate at anytime during thier incarceration. This information is used to make proper determination for workers compensation benefits. This is the reason that my claim was denied by Workers Compensation Board.

31. Pursuant to D.O.M. section 31020.7.5.2.2: Occupational Injury; it states in relevan parts: "Under the provision of Chapter 1347 of the Statute of 1976,

(8)

inmates are eligible for workers compensation benefits for injuries which occurred during their incarceration, while ingaged in assigned work, as long as the inmate are not injured as the result of an assualt, in which they were the initial aggressor, or as the result of intentional acts of the inmates to injure themselves. These provisions:

> (a) Ensure the injured inmate and those dependant upon them an adequate means of subsistence after thier release if they are unable to work.
>
> (b) Provide any and all reasonable medical treatment to cure or relieve the inmate from the effects of the injury/illness,
>
> (c) Provide rehabilitation of injury inmate so that they may engage in suitable and gainful employment upon their release.
>
> (d) The reporting requirement applies to inmates occupational injuries in the same manner as with employees, except;
>
> (1) All medical treatments to an inmate worker shall be rendered by, or at the direction of, the institution medical department.,
>
> (2) An inmate worker who is unable to return to work immediately shall be placed on lay-in, temporary medical unassigned, or permenantly disabled status by action of the institution medicall department... and,
>
> (3) The workers compensation law is more specific and detailed than this section, which is gemeral and simplified as much as possible. If there is a conflict, the <u>law</u> tekes precedence and shall be used as the basis for all decision.

32. Plaintiffs workers compensation benefits claim was denied for the following stated reason.On May 13, 2020, Plaintiff received a "NOTICE OF DENIAL OF CLAIM FOR WORKERS COMPENSATION BENEFITS". Claim number 06511768. The notice stated in relevan parts:

> " After careful consideration of all available information, we are denying all laibility for your claim of injury, because under California Code of Regulations, whenever the rights to compensation may exist, we have an affirmative and good faith duty to investigate to determine what benefits are due. This includes a medical evaluation and opinion from a qualified doctor regarding causation. We do not have **any substantial medical reports on file.** The lack of substantial medical documentation in the file outlining the causal relationship between the alleged injury and your employment constitutes cause for denial. Should we receive a

report indicating causation you will again be contacted regarding liabiity of theclaim".

33. Due to the, all out, and total disregard for the rights that were due to the plaintiff, he has been completely denied **any and all medical treatment,** which includes the physical therapy that is needed for the serious injuries that had been sustained to my back, as a direct result of this incident, and of any potential workers compensation benefits that plaintiff may be entitled to. Plaintiff has suffered, and continue to sauffer from a chronic back pain as a direct result of this incident and the defendants actions or failure to act, in the performance of their duties, in which they violated plaintiffs constitutiona right under the Eighth Amendment of the United States Constitution, to be free from cruel and unusual punishment, and to be provided with adequate medical care. These defenbxdants acted with "diliberate indiffence" to plaintiffs serious medical needs. Effective April 19, 2004, the law requires (prison officials) your employer to authorize madical treatment for [a] claimed injury within one (1) working day after filing of a Workers' Compensation Claim Form ("DWC-1"), and to continue to provide treatment until your claim is accepted or rejected, up to a limit of $10,000 in total. See NOTICE OF DENIAL OF CLAIM FOR WORKERS' COMPENSATION BENEFITS. in Plaintiffs' possession. Therefore, he is entitled to these benefits and others as a matter of law.

### PRAYER FOR RELIEF

34. WHEREFORE, plaintiff respectfully pray for the following relief:

1) Issue a declaratory judgment that the defendants actions complained of herein violated plaintiff's rights under the U.S. Constitution and as otherwise alleged therein,

2) Award plaintiff monetary damages in the amount that would reasonably compensate him for the injuries suffered and sustained due to def. violations.

3) award plaintiff punitive damages in an amount to be determined at trial,

5) Injuctive relief compelling defendants comply with all prerequisites necess-ary for plaintiff to receive his benefits from the Workers' Compensation insurance board,

7. Have slip proof mats put in every dining hall at Mule Creek State Prison,

8) and, grant such other relief the Court deems equatable and proper.

Dated January 14, 2022.

Respectfully submitted,

Dwayne S. Montgomery,
Plaintiff In Pro Se