1
2
3
4
5
6
7
8                        UNITED STATES DISTRICT COURT

9                    FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   DWAYNE STEVEN MONTGOMERY,              No. 2:22-cv-0127-EFB P

12              Plaintiff,

13        v.                                ORDER

14   J. MORENO, et al.,

15              Defendant.

16

17          Plaintiff is a state prisoner proceeding without counsel in this action brought pursuant to

18   42 U.S.C. § 1983.  In addition to filing a complaint (ECF No. 1), he also filed applications to

19   proceed in forma pauperis (ECF Nos. 5, 7 & 8).  The court will grant his applications and screen

20   the complaint.

21                    Application to Proceed in Forma Pauperis

22          The court has reviewed plaintiff's applications and finds that they make the showing

23   required by 28 U.S.C. § 1915(a)(1) and (2).  Accordingly, by separate order, the court directs the

24   agency having custody of plaintiff to collect and forward the appropriate monthly payments for

25   the filing fee as set forth in 28 U.S.C. § 1915(b)(1) and (2).

26   /////

27   /////

28   /////

                                        1

1

Screening Standards

2

Federal courts must engage in a preliminary screening of cases in which prisoners seek

3 redress from a governmental entity or officer or employee of a governmental entity.  28 U.S.C.

4 § 1915A(a).  The court must identify cognizable claims or dismiss the complaint, or any portion

5 of the complaint, if the complaint "is frivolous, malicious, or fails to state a claim upon which

6 relief may be granted," or "seeks monetary relief from a defendant who is immune from such

7 relief."  *Id.* § 1915A(b).

8

A pro se plaintiff, like other litigants, must satisfy the pleading requirements of Rule 8(a)

9 of the Federal Rules of Civil Procedure.  Rule 8(a)(2) "requires a complaint to include a short and

10 plain statement of the claim showing that the pleader is entitled to relief, in order to give the

11 defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atl. Corp. v.*

12 *Twombly*, 550 U.S. 544, 554, 562-563 (2007) (citing *Conley v. Gibson*, 355 U.S. 41 (1957)).

13 While the complaint must comply with the "short and plaint statement" requirements of Rule 8,

14 its allegations must also include the specificity required by *Twombly* and *Ashcroft v. Iqbal*, 556

15 U.S. 662, 679 (2009).

16

To avoid dismissal for failure to state a claim a complaint must contain more than "naked

17 assertions," "labels and conclusions" or "a formulaic recitation of the elements of a cause of

18 action." *Twombly*, 550 U.S. at 555-557.  In other words, "[t]hreadbare recitals of the elements of

19 a cause of action, supported by mere conclusory statements do not suffice." *Iqbal*, 556 U.S. at

20 678.

21

Furthermore, a claim upon which the court can grant relief must have facial plausibility.

22 *Twombly*, 550 U.S. at 570.  "A claim has facial plausibility when the plaintiff pleads factual

23 content that allows the court to draw the reasonable inference that the defendant is liable for the

24 misconduct alleged." *Iqbal*, 556 U.S. at 678.  When considering whether a complaint states a

25 claim upon which relief can be granted, the court must accept the allegations as true, *Erickson v.*

26 *Pardus*, 551 U.S. 89 (2007), and construe the complaint in the light most favorable to the

27 plaintiff, *see Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974).

28 /////

2

1

Screening Order

2        Plaintiff's complaint (ECF No. 1) alleges the following: On February 12, 2020, plaintiff

3    slipped and fell on "food spillage" while working in the facility-A culinary at Mule Creek State

4    Prison. *Id.* at 12. Plaintiff injured his hip and lower back. *Id.* Plaintiff reported the incident to

5    defendants Moreno and LaMott. *Id.* LaMott contacted Kirkendall, the on-duty licensed

6    vocational nurse. *Id.* Kirkendall informed plaintiff that no doctor was on-duty and that his

7    injuries did not require immediate medical attention. *Id.* Kirkendall issued plaintiff two Tylenols

8    and sent plaintiff back to his assigned housing unit. *Id.* at 13. Kirkendall did not document the

9    accident "to secure an accurate record of [the] event." *Id.*

10        Plaintiff's first claim alleges a "personal safety violation." *Id.* at 13-14. Specifically,

11    plaintiff claims that defendants Covello, Holmes, and Roy knew that this high traffic area got

12    slippery and had previously caused numerous accidents. *Id.* Plaintiff claims the defendants failed

13    to take any safety precautions to prevent future falls, such as slip-proof mats. *Id.* Plaintiff's

14    second claim is that defendants Moreno, LaMott, and Kirkendall failed to ensure adequate

15    medical treatment and documentation of the incident following the workplace injury. *See id.* at

16    14-15. Plaintiff's last claim is that defendants caused him to lose his workers' compensation

17    claim because of their "failure to provide medical records and documentation of [the] incident

18    and injury reports." *Id.* at 15-18.

19        For the reasons discussed below, plaintiff's complaint cannot survive screening.

20    I.    Personal Safety Violation

21        Plaintiff's claim that his right to personal safety was violated fails to plead facts sufficient

22    to state a claim cognizable under the Eighth Amendment. Under the Eighth Amendment,

23    "slippery prison floors . . . do not state even an arguable claim for cruel and unusual punishment."

24    *LeMaire v. Maass*, 12 F.3d 1444, 1457 (9th Cir. 1993) (quotation omitted). Where the condition

25    complained of – such as a slippery floor – is not objectively inhumane in violation of the Eighth

26    Amendment, the prisoner must show that there were exacerbating conditions causing the slippery

27    floor to pose a serious, unavoidable threat to plaintiff's safety. *See Osolinski v. Kane*, 92 F.3d

28    934, 938 (9th Cir. 1996) (citing *Hoptowit v. Spellman*, 753 F.2d 779, 784 (9th Cir. 1985)). Here,

1   there are no exacerbating circumstances that could elevate this standard negligence claim into a

2   federal cause of action. *See, e.g., Mancinas v. Brown,* No. 2:16-cv-2806-EFB P, 2018 U.S. Dist.

3   LEXIS 33781 at *6 *(*E.D. Cal. Mar. 1, 2018) (dismissing prisoner's § 1983 claim that known,

4   ongoing leak caused puddle, resulting in slip and fall); *Wallace v. Haythorne*, No. 06-1697-MCE-

5   GGH P, 2007 U.S. Dist. LEXIS 76330 (E.D. Cal. Oct. 15, 2007) (no Eighth Amendment

6   violation when inmate fell after his foot slipped into a hole in the floor caused by a missing tile,

7   even if defendants knew that holes had caused others to trip). A showing of negligence, even

8   gross negligence, is insufficient to establish a constitutional deprivation under the Eighth

9   Amendment. *Toguchi v. Chung*, 391 F.3d 1051, 1057 (9th Cir. 2004). Thus, plaintiff fails to

10  state a cognizable Eighth Amendment conditions of confinement claim against any of the

11  defendants arising out of his slip and fall.

12          II.     <u>Failure to Provide Medical Treatment</u>

13          Plaintiff's second claim appears to be based on plaintiff's position that no defendant

14  properly documented his injury for purposes of his anticipated workers' compensation claim.[1]

15  These allegations do not give rise to a deliberate indifference to medical needs claim under the

16  Eighth Amendment. Deliberate indifference requires a showing that the defendant, acting with a

17  state of mind more blameworthy than negligence, denied, delayed, or interfered with the

18  treatment of plaintiff's serious medical needs. *Farmer v. Brennan*, 511 U.S. 825, 835 (1994);

19  *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). In this case, plaintiff alleges that correctional officer

20  LaMott summoned help for plaintiff from Kirkendall, the on-duty licensed vocational nurse. ECF

21  No. 1 at 13. Kirkendall determined that plaintiff's injury was not serious and gave plaintiff

22  Tylenol. *Id.* at 12-13. None of these actions demonstrate deliberate indifference.[2] Even if they

23  did, plaintiff fails to establish that their actions harmed him. *See Hallett v. Morgan*, 296 F.3d

24  732, 746 (9th Cir. 2002) (delays in medical treatment do not constitute deliberate indifference in

---

25          [1] *See also infra,* the discussion of plaintiff's third claim regarding the denial of his
26  workers' compensation claim.

27          [2] If plaintiff means to allege that Kirkendall actually thought plaintiff's injuries were
    serious, yet refused to render or summon adequate medical care, plaintiff may say so in an
28  amended complaint.

1    violation of the Eighth Amendment unless the delay led to further injury).  Once again, the court

2    notes that mere malpractice, or even gross negligence does not constitute cruel and unusual

3    punishment.  *Estelle*, 429 U.S. at 106.

4         III.     Workers' Compensation Claim

5        Plaintiff's third claim alleges that poor record keeping caused him to be denied workers'

6    compensation benefits.  In California, the Workers' Compensation Act grants the Workers'

7    Compensation Appeals Board exclusive authority to hear claims "[f]or the recovery of [workers']

8    compensation, or concerning any right or liability arising out of or incidental thereto." Cal. Labor

9    Code § 5300(a); *see also U.S. Fid. & Guar. Co. v. Lee Invs. LLC*, 641 F.3d 1126, 1134 (9th Cir.

10    2011).  The statute establishes "exclusive jurisdiction within the workers' compensation system for

11    'all disputes over coverage and payment.'" *Mitchell v. Scott Wetzel Servs., Inc.*, 227 Cal. App. 3d

12    1474, 1480 (1991).  Because exclusive jurisdiction is vested in the California workers' compensation

13    system, this court lacks jurisdiction over any claim pertaining to workers' compensation.

14        The availability of a remedy under state workers' compensation law does not preclude a §

15    1983 claim.  *See Jensen v. City of Oxnard*, 145 F.3d 1078, 1084 n.3 (9th Cir. 1998).  To succeed on

16    such a claim, plaintiff must allege facts suggesting that defendants acted in an arbitrary or

17    conscience shocking manner.  *See Wilson v. Ayers*, No. 2:07-cv-0283-LRH-LRL, 2010 U.S. Dist.

18    LEXIS 2995, *7-8 (D. Nev. Jan 14, 2010), *aff'd*, 470 F. App'x. 654, 655 (9th Cir. 2012) (dismissing §

19    1983 substantive due process claims premised on denial of worker's compensation benefits).  To the

20    extent plaintiff is alleging that a defendant's failure to document his slip and fall violated his

21    substantive due process rights, he fails to state a claim, as "[t]here is no general liberty interest in

22    being free from capricious government action." *Nunez v. City of Los Angeles*, 147 F.3d 867, 873 (9th

23    Cir. 1998); *see also Pfeiffer v. Clay*, No. 1:07-cv-1604-OWWW-SMS PC, 2009 U.S. Dist. LEXIS

24    69701, *8 (E.D. Cal. Aug. 10, 2009) ("Defendant['s] failure to fill out worker's compensation forms

25    for Plaintiff does not support a claim for violation of Plaintiff's constitutional rights.").

26                                 Leave to Amend

27        Plaintiff's complaint is dismissed with leave to amend.  If plaintiff chooses to file an

28    amended complaint it should observe the following:

1    Any amended complaint must identify as a defendant only persons who personally
2    participated in a substantial way in depriving him of a federal constitutional right. *Johnson v.*
3    *Duffy*, 588 F.2d 740, 743 (9th Cir. 1978) (a person subjects another to the deprivation of a
4    constitutional right if he does an act, participates in another's act or omits to perform an act he is
5    legally required to do that causes the alleged deprivation).   The complaint should also describe,
6    in sufficient detail, how each defendant personally violated or participated in the violation of his
7    rights.  The court will not infer the existence of allegations that have not been explicitly set forth
8    in the amended complaint.

9    The amended complaint must contain a caption including the names of all defendants.
10   Fed. R. Civ. P. 10(a).

11   Plaintiff may not change the nature of this suit by alleging new, unrelated claims.  See
12   *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007).

13   Any amended complaint must be written or typed so that it so that it is complete in itself
14   without reference to any earlier filed complaint.  E.D. Cal. L.R. 220.  This is because an amended
15   complaint supersedes any earlier filed complaint, and once an amended complaint is filed, the
16   earlier filed complaint no longer serves any function in the case. *See Forsyth v. Humana*, 114
17   F.3d 1467, 1474 (9th Cir. 1997) (the "'amended complaint supersedes the original, the latter
18   being treated thereafter as non-existent.'") (quoting *Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir.
19   1967)).

20   Finally, the court notes that any amended complaint should be as concise as possible in
21   fulfilling the above requirements.  Fed. R. Civ. P. 8(a).  Plaintiff should avoid the inclusion of
22   procedural or factual background which has no bearing on his legal claims.

23                                    <u>Conclusion</u>

24   Accordingly, IT IS HEREBY ORDERED that:

25   1.    Plaintiff's request to proceed in forma pauperis (ECF Nos. 5, 7 & 8) is GRANTED;

26   2.    Plaintiff shall pay the statutory filing fee of $350.  All payments shall be collected in

27         accordance with the notice to the California Department of Corrections and

28         Rehabilitation filed concurrently herewith;

3.     Plaintiff's complaint (ECF No. 1) is DISMISSED with leave to amend within 30 days of service of this order; and

4.     Failure to comply with this order may result in dismissal of this action for the reasons stated herein.

Dated: March 24, 2022.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE