DWAYNE S. MONTGOMERY -- K-14298
Name and Prisoner Booking Number
KERN VALLEY STATE PRISON
Place of Confinement
3000 West Cecil Ave./P.O. Box 5103 -- FCB4-121
Mailing Address
Delano, California 93216-6000
City, State, Zip Code

(Failure to notify the Court of your change of address may result in dismissal of this action.)

**FILED**
JUN 08 2022
CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
DEPUTY CLERK

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF CALIFORNIA

DWAYNE S. MONTGOMERY )
(Full Name of Plaintiff) Plaintiff )
)
v. ) CASE NO. _____
) (To be supplied by the Clerk)
(1) K. KIRKENDALL, LVN )
(Full Name of Defendant) )
(2) J. WOOD, RN )
) CIVIL RIGHTS COMPLAINT
(3) S. WONG M.D. (PCP) ) BY A PRISONER
)
(4) G. SMITH, MD, FACP, ET AL. ) ☐ Original Complaint-- 2:22-cv-00127-EFB
Defendant(s). ) ☒ First Amended Complaint
☒ Check if there are additional Defendants and attach page 1-A listing them. ) ☐ Second Amended Complaint

### A. JURISDICTION

1. This Court has jurisdiction over this action pursuant to:
   ☒ 28 U.S.C. § 1343(a); 42 U.S.C. § 1983
   ☐ 28 U.S.C. § 1331; Bivens v. Six Unknown Federal Narcotics Agents, 403 U.S. 388 (1971).
   ☐ Other: _____

2. Institution/city where violation occurred: **Mule Creek State Prison -- Facility A ; Ione, CA**

Revised 3 15 2010

1

Name of Defendants--Continue.

(5) S. GATES, MD

## B. DEFENDANTS

1. Name of first Defendant: __K. KIRKENDALL__. The first Defendant is employed as:
   __Licenced Vocational Nurse (LVN)__ at __Mule Creek State Prison__.
   (Position and Title)                                          (Institution)

2. Name of second Defendant: __J. WOOD__. The second Defendant is employed as:
   __Registered Nurse (RN)__ at __Mule Creek State Prison__.
   (Position and Title)                                          (Institution)

3. Name of third Defendant: __Sam Wong, MD__. The third Defendant is employed as:
   __Primary Care Provider (PCP)__ at __Mule Creek State Prison__.
   (Position and Title)                                          (Institution)

4. Name of fourth Defendant: __C. SMITH, MD FACP__. The fourth Defendant is employed as:
   __Chief Physician & Surgeon/Health Care Grievance Coord.__ at __Mule Creek State Prison__.
   (Position and Title)                                          (Institution)

If you name more than four Defendants, answer the questions listed above for each additional Defendant on a separate page.

## C. PREVIOUS LAWSUITS

1. Have you filed any other lawsuits while you were a prisoner?  ☒ Yes  ☐ No

2. If yes, how many lawsuits have you filed? __5__. Describe the previous lawsuits:

   a. First prior lawsuit:
      1. Parties: __Dwayne Montgomery__ v. __C. Noll, et al.,__
      2. Court and case number: __C-06-4407-SI (N.D. Cal.)__
      3. Result: (Was the case dismissed? Was it appealed? Is it still pending?) __settlement__

   b. Second prior lawsuit:
      1. Parties: __Dwayne Montgomery__ v. __Sanchez__
      2. Court and case number: __No. 1:11-cv-961 (E.D. Cal.)__
      3. Result: (Was the case dismissed? Was it appealed? Is it still pending?) __Dismissed__

   c. Third prior lawsuit:
      1. Parties: __Dwayne Montgomery__ v. __Cox, et al.,__
      2. Court and case number: __No: 2:19-cv-02081-MCE-KJN (E.D. Cal.)__
      3. Result: (Was the case dismissed? Was it appealed? Is it still pending?) __settlement__

If you filed more than three lawsuits, answer the questions listed above for each additional lawsuit on a separate page.

2

## B. DEFENDANTS

1. Name of first Defendant: **M. CULUM**. The first Defendant is employed as: **CORRECTIONS OFFICER** at **MULE CREEK STATE PRISON**.
   (Position and Title)                                           (Institution)

2. Name of second Defendant: **J. GAMEZ**. The second Defendant is employed as: **CORRECTIONS OFFICER** at **MULE CREEK STATE PRISON**.
   (Position and Title)                                           (Institution)

3. Name of third Defendant: **M. PESCE**. The third Defendant is employed as: **CORRECTIONS OFFICER** at **MULE CREEK STATE PRISON**.
   (Position and Title)                                           (Institution)

4. Name of fourth Defendant: **B. KELLY**. The fourth Defendant is employed as: **CORRECTIONS OFFICER** at **MULE CREEK STATE PRISON**.
   (Position and Title)                                           (Institution)

If you name more than four Defendants, answer the questions listed above for each additional Defendant on a separate page.

## C. PREVIOUS LAWSUITS

1. Have you filed any other lawsuits while you were a prisoner?   ☒ Yes   ☐ No

2. If yes, how many lawsuits have you filed? ____. Describe the previous lawsuits:

   a. First prior lawsuit:
      1. Parties: **Dwayne Montgomery** v. **C. Noll, et al.,**
      2. Court and case number: **C-06-4407-SI (N.D. Cal.)**
      3. Result: (Was the case dismissed? Was it appealed? Is it still pending?) **Settlement**

   b. Second prior lawsuit:
      1. Parties: **Dwayne Montgomery** v. **Sanchez**
      2. Court and case number: **1:11-cv-00961 (E.D. Cal.)**
      3. Result: (Was the case dismissed? Was it appealed? Is it still pending?) **Dismissed**

   c. Third prior lawsuit:
      1. Parties: **Dwayne Montgomery** v. **Cox, et al.,**
      2. Court and case number: **2:19-cv-02081-MCE-KJN (E.D. Cal.)**
      3. Result: (Was the case dismissed? Was it appealed? Is it still pending?) **Settlement**

If you filed more than three lawsuits, answer the questions listed above for each additional lawsuit on a separate page.

2

B. DEFENDANTS -- Cont.

Name of fifth Defendant:  S. GATES . The fifth Defendant is employed as: Chief, MD; Health Care Correspondence and Appeals Branch, Policy & Risk Manage-ment Services/ California Correctional Health Care Services at P.O. Box 588500, Elk Grove, CA 95758

C.   PREVIOUS LAWSUITS -- Cont.

d. Fourth prior lawsuit:

1. Parties: Dwayne Montgomery  v. Sanchez
2. Court and case number: No. 1:13-cv-00247 (E.D. Cal.)
3. Results: Dismissed; failure to exhaust.

e. Fifth prior lawsuit:
1. Parties: Dwayne Montgomery v. Sam Wong, et al.,
2. Court and case number: No. 2:20-cv-01515-DB (E.D. Cal.)
3. Results:Voluntary dismissal, Rule 41 FRCP.

2-A

## D. CAUSE OF ACTION

### CLAIM I

1. State the constitutional or other federal civil right that was violated: <u>Eighth and Fourteenth Amendment Right; failure to provide medical treatment to a serious medical need.</u>

2. **Claim I.** Identify the issue involved. Check **only one**. State additional issues in separate claims.
   - ☐ Basic necessities
   - ☐ Mail
   - ☐ Access to the court
   - ☒ Medical care
   - ☐ Disciplinary proceedings
   - ☐ Property
   - ☐ Exercise of religion
   - ☐ Retaliation
   - ☐ Excessive force by an officer
   - ☐ Threat to safety
   - ☐ Other: _____

3. **Supporting Facts.** State as briefly as possible the FACTS supporting Claim I. Describe exactly what **each Defendant** did or did not do that violated your rights. State the facts clearly in your own words without citing legal authority or arguments.

   SEE ATTACHED PETITION

4. **Injury.** State how you were injured by the actions or inactions of the Defendant(s).
   Plaintiff sustained serious injuries to his hip, lower back and neck area.

5. **Administrative Remedies:**
   a. Are there any administrative remedies (grievance procedures or administrative appeals) available at your institution? ☒ Yes ☐ No
   b. Did you submit a request for administrative relief on Claim I? ☒ Yes ☐ No
   c. Did you appeal your request for relief on Claim I to the highest level? ☒ Yes ☐ No
   d. If you did not submit or appeal a request for administrative relief at any level, briefly explain why you did not. _____

3

# CLAIM II

1. State the constitutional or other federal civil right that was violated: Defendants acted with deliberate indifference to the serious medical needs of plaintiff after sustaining job related injuries. Violation of Worker's Compensation Relief Requirements/ need physical therapy.

2. **Claim II.** Identify the issue involved. Check **only one**. State additional issues in separate claims.
   - [x] Basic necessities
   - [ ] Mail
   - [ ] Access to the court
   - [ ] Medical care
   - [ ] Disciplinary proceedings
   - [ ] Property
   - [ ] Exercise of religion
   - [ ] Retaliation
   - [ ] Excessive force by an officer
   - [ ] Threat to safety
   - [x] Other: Violated 18 U.S.C. § 4126

3. **Supporting Facts.** State as briefly as possible the FACTS supporting Claim II. Describe exactly what **each Defendant** did or did not do that violated your rights. State the facts clearly in your own words without citing legal authority or arguments.

   SEE ATTACHED PETITION

4. **Injury.** State how you were injured by the actions or inactions of the Defendant(s).

5. **Administrative Remedies.**
   a. Are there any administrative remedies (grievance procedures or administrative appeals) available at your institution? [X] Yes [ ] No
   b. Did you submit a request for administrative relief on Claim II? [X] Yes [ ] No
   c. Did you appeal your request for relief on Claim II to the highest level? [X] Yes [ ] No
   d. If you did not submit or appeal a request for administrative relief at any level, briefly explain why you did not. _____

4

## CLAIM III

1. State the constitutional or other federal civil right that was violated: <u>Defendants acted with deliberate when they refused to issue any pain medication causing him to endure unnecessary/wanton infliction of pain.</u>

2. **Claim III.** Identify the issue involved. Check **only one**. State additional issues in separate claims.
   ☐ Basic necessities ☐ Mail ☐ Access to the court ☐ Medical care
   ☐ Disciplinary proceedings ☐ Property ☐ Exercise of religion ☐ Retaliation
   ☐ Excessive force by an officer ☒ Threat to safety ☒ Other: <u>Irreparable pain and suffering</u>.

3. **Supporting Facts.** State as briefly as possible the FACTS supporting Claim III. Describe exactly what **each Defendant** did or did not do that violated your rights. State the facts clearly in your own words without citing legal authority or arguments.
   SEE ATTACHED PETITION.

4. **Injury.** State how you were injured by the actions or inactions of the Defendant(s).

5. **Administrative Remedies.**
   a. Are there any administrative remedies (grievance procedures or administrative appeals) available at your institution? ☒ Yes ☐ No
   b. Did you submit a request for administrative relief on Claim III? ☒ Yes ☐ No
   c. Did you appeal your request for relief on Claim III to the highest level? ☒ Yes ☐ No
   d. If you did not submit or appeal a request for administrative relief at any level, briefly explain why you did not.

If you assert more than three Claims, answer the questions listed above for each additional Claim on a separate page.

## E. REQUEST FOR RELIEF

State the relief you are seeking: Plaintiff : respectfully pray the following dameges be awarded.

1) Compensatory damages in the amount of One-hundred thousand dollars ($100,000), for pain and suffering that he still continue to endure as a result of the injuries sustained from this work related incident.

2) Punitive damages be awarded to plaintiff in an amount the jury deems reasonable, for the mental and emotional distess due to the lack of medical care or attention provided to him throughout the duration of plaintiffs pursuit to ascertain the medical treatment his is due.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on __June 5, 2022__
           DATE

_Wayne S. McInty_
SIGNATURE OF PLAINTIFF

_____
(Name and title of paralegal, legal assistant, or
other person who helped prepare this complaint)

_____
(Signature of attorney, if any)

_____
_____
_____
(Attorney's address & telephone number)

## ADDITIONAL PAGES

All questions must be answered concisely in the proper space on the form. If you need more space you may attach more pages, but you are strongly encouraged to limit your complaint to twenty-five pages. If you attach additional pages, be sure to identify which section of the complaint is being continued and number all pages. Remember, there is no need to attach exhibits to your complaint.

DWAYNE S. MONTGOMERY
CDCR# K-14298
Kern Valley State Prison
3000 West Cecil Avenue
Post Office Box 5103--FCB4-121
Delano, California 93216-6000

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DWAYNE S. MONTGOMERY, ) <br> vs. ) <br> K. KIRKENDALL,(LVN), ) <br> J. WOOD, (RN), ) <br> S. WONG, MD (PCP), ) <br> G. SMITH, MD (FACP) ) <br> S. GATES, MD, ) | Case No.:_____ <br> COMPLAINT FOR DAMAGES UNDER THE CIVIL RIGHTS ACT 42 U.S.C. § 1983 <br> FIRST AMENDED COMPLAINT <br> DEMAND FOR JURY TRIAL |

### INTRODUCTION

1) Dwayne S. Montgomery, ("hereinafter Plaintiff"), brings this civil complaint for compensatory and punitive damages, under U.S.C. 42 § 1983, alleging Eighth and Fourteenth Amendments to the United States Constitution against all named defendants for subjecting him to violations of his right to substantial risk of serious physical harm, and deliberate indifference to the serious medical need of Plaintiff, which constituting the "unnecessary and wanton infliction of pain. Plaintiff seeks equitable relief and damages.

### JURISDICTION AND VENUE

2) This action is brought pursuant to 42 U.S.C. § 1983 to redress the deprivation, under the color of State law, of rights secured by the Constitution of the United States and Acts of Congress. Jurisdiction is based upon 28 U.S.C. § 1331 and 1343.

3) The unlawful acts alleged in this complaint occurred in this judicial

-1-

district, and the majority of defendants resides within the district 28 U.S.C. § 1391(b).

## PARTIES

4) Plaintiff, Dwayne S. Montgomery, was, at all relevant times, a prisoner of California, in the custody of the California Department of Corrections and Rehabilitation ("CDCR") at Mule Creek State Prison ("MCSP").

5) On information and belief, defendant K. Kirkendall ("def. Kirkendall") was, at all relevant times, employed by CDCR as a Licensed Vocational Nurse ("LVN"), at MCSP. At all times mentioned, def. Kirkendall was assigned to A-facility medical clinic, acting under the color of state law and is being sued in her individual capacity.

6) On information and belief, defendant J. Wood ("def. Wood") was, at all relevant times, employed by CDCR as a Registered Nurse ("RN"), at MCSP. At all times mentioned, def. Wood, was assigned as a Health Care Grievance Coordinator, acting under the color of state law, in being sued in her individual capacity.

7) On information and belief, defendant S. Wong, ("def. Wong") was, at all relevant times, employed by CDCR as the Primary Care Provider ("PCP"), at MCSP. At all times mentioned, def. Wong was the physician acting as Plaintiffs PCP, under the color of state law, is being sued in his individual and official capacity.

8) On information and belief, defendant C. Smith, ("def. Smith") was, at all relevant times, employed by CDCR as a Medical Doctor ("MD"), at MCSP. At all times mentioned def. Smith was assigned as MD, FACP, Chief Physician & Surgeon; Health Care Grievance Coordinator, acting under the color of state law, is being sued in his individual and official capacity.

9) On information and belief, defendant S. Gates ("def. Gates") was, at all

-2-

relevant times, employed by CDCR, serving in the capacity of Chief, Health Care Correspondance and Branch Policy and Risk Management, and California Correctional Health Care Services. At all times mentioned def. Gates was acting under the color of state law, and is being sued in his individual and official capac-ity.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

10) Plaintiff has exhausted all available prerequisite remedies pursuant to the PLRA. See the following appeal actions: **MCSP-HC-20000253; MCSP-PHCI-20000120; MCSP-HC-20001037; MCSP-HC-19001680; MCSP-A-20-00902; and MCSP-HC-20001175**, for

## PRELIMINARY ALLEGATIONS

11) At all times relevant to the facts alleged herein, defendants were duly appointed, qualified and acting officials, employees, and/or agents of CDCR, employed as such by CDCR, and acting within the course and scope of their employment and under color of state law. Each of the defendants caused and is responible for the nonfeasance resulting in, inter alia, personally participating in the conduct, or acting jointly and in concert with others who did so by authorizing, acquiescing, condoning, acting, omitting or failing to take action to prevent the nonfeasance conduct promulgating or failing to promulgate polic-ies and procedures pursuant to which the nonfeasance conduct occurred; by fail-ing and refusing, with deliberate indifference to Plaintiff's rights, to initi-ate and maintain adequate supervision, security, training, compliance with re-sponsibilies and duties, and staffing; by failing to maintain proper adequate policies, procedures and protocols; and by ratifying and condoning the non-feasance conduct performed by agents and employees under their direction and control.

12) Whenever and wherever reference is made in this Complaint to any acts

-3-

by defendants, such allegations and references shall also be deemed to mean the acts and failures to act of each Defendant individually, jointly or severally.

## FACTUAL ALLEGATIONS

13) At all times herein, Plaintiff was incarcerated at MCSP. Plaintiff had sustained and suffered injuries, and have/has not received any pain medication, physical therapy as a result of the greivances submitted based on the incident alleged herein. Plaintiff continues to suffer as the injuries sustained as a direct result of the injuries alleged herein continues to worsen. As the defendants failure to comply with the medical procedures and policies implimented by CDCR's Operational Manual, inter alia.

14) On February 12, 2020 ("2/12/20"), while performing his assigned work duties, as a scullary crew worker (i.e., washing pots and pans), Plaintiff slipped and fell on some food spillage and/or other substances that were presently left on the floor in the kitchen area, while carrying pots and pans. Plaintiff immediately reported the incident to the two (2) work supervisor that were on duty at the time. One of them, Corrections Officer ("c/o") LaMott, called def. Kirkendall, who was working in the A-facility medical clinic, and informed her of the accident/incident that had just occurred. LaMott instructed me to report to the medical clinic for treatment. Since I was unable to walk on my own, I was assisted by Inmate Larry Hightower, CDCR# C-01781 (I have a declaration from this witiness, and others.), who wheelchaired me over to the clinic. Upon arrival at the clinic, the door was locked, and I was unable to gain entry into the clinic. I went to one of the windows that medication is distributed from, and was accosted by def. Kirkendall. After explaining my situation to her, def. Kirkendall proceed to inform me that there was no physician on duty, and that the injuries I claimed to have sustained, did not appear

serious enough (in her unevaluated medical opinion) to warrant immediate medical attention, even though I was in a wheelchair type aparatus, and in obvious pain! Def. Kirkendall, stated that, there was no reason why I couldn't wait to be seen by medical personnel the following day. Plaintiff was instructed to fill-out a Health Care service Request Form, CDCR 7362. Which I did on the spot. Def. Kirkendall, then issued me two (2) Tylonals for the pain, and sent me to my assigned housing unit, without so much as filing out a basic medical form of my visit to the clinic, or to dcument the injuries I claimed to be enduring at the present time. Completely ignored all medical procedures and protocols (e.g., no preliminary examination, no temperature check, took no pulse, no X-ray of my back area) in accordance to Departmental Operations Manual (D.O.M.) 31020.7. 5.2.

### FIRST CAUSE OF ACTION
### FAILURE TO PROVIDE MEDICAL TREATMENT
### TO A SERIOUS MEDICAL NEED IN VIOLATION OF
### PLAINTIFF'S EIGHTH AND FOURTEENTH AMENDMENT RIGHTS

15) Defendant Kirkendall, acting under color of state law and through the policies, practices and customs, deprived Plaintiff of the basic, fundamental rights afforded to him, privileges, and immunities secured by the Constitution and laws of the United States under the Eighth and Fourteenth Amendment, or through the deliberate indifferences allowing others to subject him to the denial and/or substantial delay of receiving the necessary medical attention that he was due under state and federal law.

16) As a direct and proximate cause of the aforementioned acts of defendant Kirkendall, Plaintiff was left to suffer in complete pain and mental anguish for an unenumerated amount of time, as set forth above.

///

-5-

## SECOND CAUSE OF ACTION
### DEFENDANT ACTED WITH DELIBERATE INDIFFERENHCE TO THE SERIOUS MEDICAL NEEDS AFTER SUSTAINING A JOB RELATED INJURY AND ALLOWED HIS PHYSICAL CONDITION TO DETERIORATE WITHOUT SUPERVISORY INTERVENTION AND/OR FAILURE TO REDRESS PLAINTIFF'S MEDICAL GRIEVANCES

17) Plaintiff submitted multiple grievances pertaining to this matter. Specifi-cally, appeal grievance #MCSP-HC-20000253, in which Plaintiff was interviewed by def. Wood, RN, on April 3, 2020. Def. Wood's completely fabricated most of the quotations she alleged that I made during the interview, in reference to her Institutional Level Response, she submitted to the above related grievance. For example, def. Wood alleged that the Plaintiff made the following statements dur-ing the interview dated 4/3/20: "On february 27, 2020, you were seen by the PCP .... You stated that you felt better and your pain was under control." The Plain-tiff was in a wheelchair when he showed up for the madical appointment on 4/27/20, in which he was escorted by an inmate ADA worker, due that he was still unable to walk without the aid of some form of assistance.

18) Plaintiff had been suffering miserably, in serious pain, because all that he was able to receive from medical as a pain reliever was Tylenol 650 mg, twice daily.

19) Def. Wood, goes on to falsely allege that I stated: "As a result of this grievance, you were interviewed..., by J. Wood, RN. During the interview, you stated that you did not hear custody or your supervisor ask for medical assist-ance when you fell. You reported you were hurt, but able to walk and you walked to the clinic without assistance". The Plaintiff never made any such statement.

20) Def. Wood also stated that: " Custody staff not requesting a 7219 be com-pleted after your fall is not a health care services issue over which California Correctional Health Care Services has jurisdiction. As such, your concerns should

-6-

be addressed through the appropiate custody channels at your institution.

21) Plaintiff did in fact address this matter with custody (see appeal# MCSP A-20-00902), in which custody claimed that the issue was with medical. Thus, neither departmental entity would acknowledge responsibility for their failure to comply with the rerequisite provision set forth in D.O.M. section 83080.5., which provides that medical personnel must fill out a CDCR 7219, Medical Report of Injury or Unusual Occurrence, and submit it to [the] attending physician.

22) This is the Reporting Injury or Illness procedure to facility staff. This procedure was not followed, which, subsequently delayed Plaintiffs medical treat-ment and caused him not to received the necessary medical attention he should have received at the time of the incident.

23) At some point, at lease one of the supervisory defendants i.e., Wong, Smith or Gates, should have taken the appropriate action and correct the medical errors, to ensure that the Plaintiff received the medical attention that he was due under the law.

24) The bottom line is, the defendants had a taken an oath, and was duly obligated to intervene and take the appropriate action to see that the Plaintiff received the medical treatment he desperately needed. The defendants instead took "NO INTERVENTION" to correct the issues brought forth in the grievances Plaintiff submitted.

### THIRD CAUSE OF ACTION
### DEFENDANTS ACTED WITH DELIBERATE INDIFFERENCE WHEN THEY REFUSED TO PROPERLY EXAMINE THE PLAINTIFF AND ISSUE ADEQUATE PAIN MEDICATION PROVIDE PHYSICAL THERAPY AND REISSUE LAY-INS CAUSING HIM TO ENDURE UNNECESSARY AND WANTON INFLICTION OF PAIN CAUSING HIM TO SUFFER IRREPARABLE HARM

25) Plaintiff was issued three (3) seperate lay-ins, when sustained serious injuries due to an accident he had while performing his assigned work duties.

-7-

Plaintiff received his first lay-in on 2/14/20, it was for 3 days, which expired on 2/17/20. Plaintiff had to wait an additional 3 days for an appointment to get a second lay-in, which he was instructed to do by his work supervisor. Plaintiff received his second lay-in on 2/21/20, which was also for 3 days, and expired on 2/25/20.

26) Plaintiff was finally seen by his PCP, Dr. Wong, on 2/27/20. After being wheelchaired to the clinic by an inmate ADA worker, Plaintiff was examined by def. Wong, I informed wong how I had sustained my injuries, and the type of pain I had been experiencing. I informed him that I was still unable to perform any of my job discription duties, due to the injuries I had sustained, and that I needed another back brace, a wheelchair or walker so that I could get around and pain medication other than Tylenol, because they did nothing to eleviate my pain. Dr. Wong informed me that his supervisors refused to reissue me Gabapentins. But he might be able to get me some Tylenol 3. He said that he would see what he could do. I also asked to see a physical therapist. He agreed. I never received any Tylenol 3, or any other pain medication, nor was I seen by a physical therapist. Def. Wong issued me a seven (7) day lay-in, which expired on 3/7/20. I was not able to get any more lay-ins after that, even though I continued to fill out and submit medical request forms CDCR 7219's.

27) I was subsequently compelled to return to my job assignment, even though I was not physically ready to do so. When I didn't show up ater my lay-in expired I was threatened that I would suffer reprocussions if I continued to refused to report to the job assignment. So I went and just sat around doing nothing because I was in pain and not able to perform any work task without enduring excruciating pain.

28) My pain and suffering seemed not to be of any grave concern to my supervisors or any of the defendants. Even after I continued pursuing some form of

-8-

medical attention (i.e., back brace, pain medication, physical therapy, ect.) all I ever received from the medical personnel at MCSP during this entire ordeal and before I was transferred in October of 2020, was the run-a-round, and the cold shoulder treatment.

29) I was forced to resume working under harsh and uncomfortable conditions and in extreme pain. This was very cruel and conpletely avoidable. All of the defend -ants were aware of the facts about my condition and has actual knowledge of the and suffering I was experiencing, from the multiple grieances I continued filing. Def. Wong, Smith nor Gates took it upon themselves to provide Plaintiff any type of relief based on the many grievances submitted, which they were obligated to do. They all chose to just let the Plaintiff suffersuffer in pain and disconfort. In doing so, they failed to respond reasonably to the risk of serious harm, which the Plaintiff has had to endure.

30) My hip and back has only gotten worse since that time. I now need the aid of a walkerto get around. I can barely get up out of the bed in the morning, be- cause I'm in so much pain when I awaken. I will probably need physical therapy for the remainder of my life, as my conditions has become debilitating.

### PRAYER FOR RELIEF

1) Compensatory, punitive and nominal damages in an amount accordance with proof.

2) Punitive damages against each of the individual defendants in an amount sufficient to punish for the pain, suffering, mental anguish and emotional dis- tress, and

3) such other and further relief as the Court deems proper.

Dated: June 5, 2022.

Respectfully submitted,
Dwayne S. Montgomery, Plaintiff

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

DWAYNE S. MONTGOMERY
     Plaintiff

Case Number: 2:22-cv-00127-EFB

v.

KIRKENDALL, et al.
     Defendants.

PROOF OF SERVICE BY MAIL

I hereby certify that on June 5, 2022, I served a copy of the attached.

CIVIL RIGHTS COMPLAINT FOR DAMAGES
FIRST AMENDED COMPLAINT

by placing a copy in a postage paid envelope addressed to the person hereinafter listed, by depositing said envelope in the United States Mail at:

    Kern Valley State Prison
    Post Office Box 5103 - FCB4-121
    Delano, Ca. 93216

    UNITED STATES DISTRICT COURT
    EASTERN DISTRICT OF CALIFORNIA
    501 "I" Street, Suite 4-200
    Sacramento, California 95814

I declare under penalty of perjury that the foregoing is true and correct.

                        Dwayne S. Montgomery, Plaintiff