UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DWAYNE STEVEN MONTGOMERY, | No. 2:22-cv-0127-EFB (PC) |
| Plaintiff, | |
| v. | ORDER |
| J. MORENO, et al., | |
| Defendants. | |

Plaintiff is a state prisoner proceeding without counsel and in forma pauperis in an action brought under 42 U.S.C. § 1983. Following the dismissal of his original complaint on screening[1] (ECF Nos. 1 & 9), plaintiff has filed an amended complaint (ECF No. 14), which the court must now screen. As discussed below, plaintiff's amended complaint is dismissed with leave to amend for failure to state a claim.

/////

/////

/////

---

[1] Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted," or "seeks monetary relief from a defendant who is immune from such relief." *Id.* § 1915A(b).

1

Screening Order

Like the original complaint, plaintiff's amended complaint concerns plaintiff's slip and fall while working on February 12, 2020. ECF No. 14 at 13. Plaintiff alleges the following:

Plaintiff's supervisor notified defendant Kirkendall (a licensed vocational nurse) of plaintiff's fall and instructed plaintiff to report to the medical clinic. *Id.* Plaintiff was unable to walk and a fellow inmate pushed plaintiff to the clinic in a wheelchair. *Id.* Plaintiff had sustained injuries to his hip, lower back, and neck. *Id.* at 6.

Kirkendall told plaintiff that because there was no physician on duty and because plaintiff's injuries did not appear to be serious, he did not require immediate medical attention. *Id.* at 13-14. Kirkendall did not follow medical protocol as dictated by the Department Operations Manual ("DOM").[2] *Id.* at 14. Kirkendall provided plaintiff with two Tylenols for his pain and told plaintiff he could be seen by medical personnel the next day. *Id.*

Beginning on February 14, 2020, plaintiff was excused from work for three days. *Id.* at 17. When this initial "lay-in" period expired, plaintiff had to wait several days to get an appointment for a second lay-in. *Id.* Plaintiff's second lay-in excused him from work from February 21, 2020 to February 25, 2020. *Id.*

On February 27, 2020, plaintiff was seen by defendant Dr. Wong, his primary care physician. *Id.* Dr. Wong agreed that physical therapy was indicated for plaintiff's injuries, and told plaintiff he might be able to prescribe Tylenol 3. *Id.* Plaintiff never received physical therapy or Tylenol 3. *Id.* Dr. Wong issued plaintiff a seven-day lay-in, which expired on March 7, 2020. *Id.* Plaintiff was subsequently compelled to return to his job assignment even though he was not physically ready. *Id.* Plaintiff "sat around doing nothing" at his job assignment because he could not perform his work tasks without enduring excruciating pain. *Id.*

Plaintiff's hip and back injuries have gotten so bad that he can barely get out of bed in the morning and needs a walker to get around. *Id.* at 18.

---

[2] "There is no independent claim under § 1983 for violation of prison regulations ("Title 15") or CDCR DOM procedures." *Anderson v. City*, No. 1:14-cv-0202-LJO-MJS (PC), 2014 U.S. Dist. LEXIS 74313, at *8 (E.D. Cal. May 30, 2014).

Plaintiff filed a grievance following his slip and fall and was dissatisfied with how defendant Woods processed it because she fabricated her report and did not intervene to obtain medical care for plaintiff. *Id.* at 15-16. Plaintiff also claims that other supervisory defendants, including Wong, Smith, and Gates should have intervened to ensure plaintiff received adequate medical attention.[3] *Id.* at 16, 18.

Plaintiff claims that defendants were deliberately indifferent to his serious medical needs and violated worker's compensation relief requirements. *Id.* at 6-8. Like the original complaint, these allegations cannot survive screening.

Deliberate indifference requires a showing that the defendant, acting with a state of mind more blameworthy than negligence, denied, delayed, or interfered with the treatment of plaintiff's serious medical needs. *Farmer v. Brennan*, 511 U.S. 825, 835 (1994); *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). In this case, plaintiff alleges that Kirkendall determined that plaintiff could wait a day to be medically evaluated and supplied plaintiff with Tylenol in the interim. Although plaintiff claims that Kirkendall should have done more, the alleged conduct does not demonstrate deliberate indifference. Similarly, Dr. Wong's alleged conduct does not rise to the level of deliberate indifference. Dr. Wong excused plaintiff from work for seven days. Dr. Wong also informed plaintiff that physical therapy was a good idea and that he would attempt to get plaintiff a stronger form of Tylenol. Although plaintiff never received physical therapy or Tylenol 3, there are no allegations showing that Dr. Wong was to blame or that he otherwise responded to plaintiff's needs with a state of mind any more blameworthy than negligence. Finally, to the extent plaintiff seeks to hold supervisory defendants liable for a claim of deliberate indifference, the claim fails because it is not clear how any of them personally participated in any violation of plaintiff's rights. *See Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989) ( a defendant's role as a supervisor is not a proper basis for liability).

---

[3] There are no constitutional requirements regarding how a grievance system is operated and plaintiff may not impose liability on a defendant simply because he played a role in processing plaintiff's appeals or because the appeals process was otherwise rendered unfair. *See Ramirez v. Galaza*, 334 F.3d 850, 860 (9th Cir. 2003); *Buckley v. Barlow*, 997 F.2d 494, 495 (8th Cir. 1993).

In the original screening order, the court informed plaintiff that this court lacks jurisdiction over any claim pertaining to workers' compensation because exclusive jurisdiction is vested in the California workers' compensation system. *See* ECF No. 9 at 5 (citing Cal. Labor Code § 5300(a); *also U.S. Fid. & Guar. Co. v. Lee Invs. LLC*, 641 F.3d 1126, 1134 (9th Cir. 2011); *Mitchell v. Scott Wetzel Servs., Inc.*, 227 Cal. App. 3d 1474, 1480 (1991)). The court also informed plaintiff that a § 1983 claim could be stated by showing that defendants acted in an arbitrary or conscience shocking manner. ECF No. 9 at 5 (citing *Wilson v. Ayers*, No. 2:07-cv-0283-LRH-LRL, 2010 U.S. Dist. LEXIS 2995, *7-8 (D. Nev. Jan 14, 2010), *aff'd*, 470 F. App'x. 654, 655 (9th Cir. 2012)). Plaintiff's conclusory claim that defendants violated worker's compensation relief requirements is not cognizable under § 1983 and to the extent that it pertains to any relief plaintiff was due pursuant to the California workers' compensation system, this court lacks jurisdiction.

Although plaintiff was given notice of the deficiencies in his original complaint and a chance to amend, he is no closer to stating a cognizable claim for relief. In an abundance of caution, the court will afford plaintiff another opportunity to cure the defects in his complaint. For these reasons, plaintiff's amended complaint is dismissed with leave to amend.

Leave to Amend

Plaintiff is cautioned that any amended complaint must identify as a defendant only persons who personally participated in a substantial way in depriving him of his constitutional rights. *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978) (a person subjects another to the deprivation of a constitutional right if he does an act, participates in another's act or omits to perform an act he is legally required to do that causes the alleged deprivation). Plaintiff may also include any allegations based on state law that are so closely related to his federal allegations that "they form the same case or controversy." *See* 28 U.S.C. § 1367(a).

The amended complaint must also contain a caption including the names of all defendants. Fed. R. Civ. P. 10(a).

Plaintiff may not change the nature of this suit by alleging new, unrelated claims. *See George*, 507 F.3d at 607. Nor, as mentioned above, may he bring unrelated claims against multiple defendants. *Id.*

Any amended complaint must be written or typed so that it so that it is complete in itself without reference to any earlier filed complaint. E.D. Cal. L.R. 220. This is because an amended complaint supersedes any earlier filed complaint, and once an amended complaint is filed, the earlier filed complaint no longer serves any function in the case. *See Forsyth v. Humana*, 114 F.3d 1467, 1474 (9th Cir. 1997) (the "'amended complaint supersedes the original, the latter being treated thereafter as non-existent.'") (*quoting Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967)).

Any amended complaint should be as concise as possible in fulfilling the above requirements. Fed. R. Civ. P. 8(a). Plaintiff should avoid the inclusion of procedural or factual background which has no bearing on his legal claims. He should also take pains to ensure that his amended complaint is as legible as possible. This refers not only to penmanship, but also spacing and organization. Plaintiff should carefully consider whether each of the defendants he names actually had involvement in the constitutional violations he alleges. A "scattershot" approach in which plaintiff names dozens of defendants will not be looked upon favorably by the court.

### Conclusion

Accordingly, it is ORDERED that:

1. Plaintiff's amended complaint (ECF No. 14) is DISMISSED with leave to amend within 30 from the date of service of this order; and

2. Failure to comply with any part of this this order may result in dismissal of this action.

Dated: August 19, 2022.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE