```
DWAYNE S. MONTGOMERY
CDCR# K-14298
Kern Valley State Prison
3000 West Cecil Avenue
Post Office Box 5103 -- FCB4-121
Delano, California 93216-6000
```

FILED

OCT 31 2022

CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY _____
    DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DWAYNE S. MONTGOMERY, <br>     Plaintiff, <br><br> vs. <br><br> K. KIRKENDALL (LVN), <br> S. WONG MD (PCP) <br>     Defendants. | Case No.: 2:22-cv-00127-EFB <br> COMPLAINT FOR DAMAGES UNDER THE <br> CIVIL RIGHTS ACT 42 U.S.C. § 1983 <br><br> SECOND AMENDED COMPLAINT <br> DEMAND FOR JURY TRIAL |

## INTRODUCTION

Dwayne S. Montgomery, ("hereinafter, Plaintiff"), brings this civil rights complaint for compensatory and punitive damages, under U.S.C. 42 § 1983, alleging denial of medical care in violation of the Eighth Amendment to the United States Constitution, against the named defendants for subjecting [him] to violations of his right to substantial risk of serious physical harm, and deliberate indifference to the serious medical needs of the Plaintiff, which constitutes the " un-necessary and wanton infliction of pain. Plaintiff seeks equitable relief and damages.

## JURISDICTION AND VENUE

1) This action is brought pursuant to 42 U.S.C. § 1983 to redress the deprivation, under the color of state law, of rights secured bt the Constitution or the United States and Acts of Congress. Jurisdiction is based upon 28 U.S.C. § 1331 and 1343.

2) The unlawful acts alleged in this complaint occurred in this judicial district, and the defendants resides within the district 28 U.S.C. § 1391 (b).

-1-

## PARTIES

3) Plaintiff, Dwayne S. Montgomery, was at all times relevant to this cause of action, a prisoner of California, in the custody of the California Department of Corrections and Rehabilitation ("CDCR") residing at Mule Creek State Prison (MCSP).

4) On information and belief, defendant K. Kirkendall ("Def. Kirkendall") was at all times relevant to this cause of action, employed by CDCR as a Licensed Vocational Nurse ("LVN"), at MCSP. At all times mentioned, def. Kirkendall was assigned to facility-A medical clinic, and acting under the color of state law, is being sued in [her] individual and official capacity.

5) On information and belief, defendant S. Wong ("def. Wong") was at all times relevan to this cause of action, employed by CDCR as a Medical Doctor, Primary Care Provider ("PCP"), at MCSP. At all times mentioned def. Wong was assigned to facility-A medical clinic, and was acting under the color of state law, is being sued in his individual and official capacity.

## EXHAUSSTION OF ADMINISTRATIVE REMEDIES

6) Plaintiff has exhausted all available remedies pursuant to the PLRA. See the following appeals: MCSP-HC-20000253; MCSP-PHCI-20000120; MCSP-HC-20001037; MCSP-HC-19001680; MCSP-A-20-00902; and MCSP-HC-20001175.

## PRELIMINARY ALLEGATIONS

7) At all times relevant to the facts alleged herein, defendants were duly appointed, qualified and acting officials, employees, and/or agents of CDCR, employed as such by CDCR, and acting within the course and scope of their employment and under the color of state law. The named defendants caused and is responsible for the nonfeasance resulting in, inter alia, personally participating in the conduct, or acting in concert with others who did so by authorizing, acquiescing, condoning, acting, omitting or failing to take actions to prevent the nonfeaasance conduct promulgating or failing to promugate policies and procedures

pursuant to which the nonfeasance conduct occurred; by failing and/or refusing, acting with deliberate indifference to Plaintiff's rights, to initiate and maintain adequate supervision, security, training compliance with responsibilities and other duties and staffing, by failing to maintain proper adequate policies, procedures and protocols; and by ratifying and condoning the nonfeasance conduct performed by agents and employees under their direction and control.

8) Whenever and wherever reference is made in this complaint to any acts by defendants, such allegations and references shall also be deemed to mean the acts and failure to act as to each defendants individually, jointly or severally.

## POINTS OF DELEBERATE INDIFFERENCE

9) Defendant(s) failed to perform a through review of the patient's medical history, and did not perform a thorough physical examination before making treat-ment decisions.

10) Defendant(s) decision-making did not reflect careful or thoughtful consider-ation of the patient's overall medical history.

11) In addition to discounting pertinent history, defendant(s) decisions appeared to lack appropriate logic on at least one occasion.

12) No meaningful discussions or treatment options occurred, even though defend-ant(s) documented that the patient had imput into treatment decisions affecting him, any such documentation is in direct conflict with the parients stated wishes.

13) There are incongruities in the defendant(s) representation of the patients colaboration in the treatment plan, and the defendant(s) had very few, if any follow-up visits with the patient during this entire ordeal, as his sought treat-ment for his injuries.

14) At no time did defendant(s) establish a baseline assessment of the patients level of function, nor was a realistic goal of pain treatment ever established.

15) Compared to the interest in managing the patient's pain issues, defendant(s) focused little on co-existent medical problems.

16) The defendant(s) documentation lacks any sort of orderly review of the patients medical history, current physical complaintsand examinations, or listing of the conditions treated on a given occasion, including attention to health maintenance requirements, was warranted, but lacking in the medical chart.

17) These acts amoung other demonstrates a blantant disregard for the health and safety of the patient/Plaintiffs rights to recieve adequate medical treatment when needed, and clearly displays an Eighth Amendment violation to his serious medical needs.

## FACTUAL ALLEGATIONS

18) At all times relevant to this cause of action, Plaintiff was incarcerated at MCSP. Plaintiff suffered injuries and did not receive any pain medication, physical therapy or any other form of medical treatment, that was caused by a work related injury incident alleged herein. Due to the failure of these defendants to provide the Plaintiff with any form of adequate medical treatment, the Plaintiff continues to suffer from the injuries sustained as a direct result of the incident, which continues to worsen.

19) On February 12, 2020, while performing [his] assigned duties as a scullary worker, the Plaintiff slipped and fell on some food spillage, while carrying pots and pans. Plaintiff immediately reported the incident to the work supervisors that were on duty. Corrections officer ("c/o") LaMott, called the medical clinic and infromed them that the Plaintiff had suffered injuries as the result of a work related accident. c/o LaMott instructed the Plaintiff to report to the facility-A medical clinic. Since the Plaintiff was unable to walk on his own, He was assisted by Inmate ("I/M") Larry Hightower, CDC# C-01701, (Plaintiff had obtained a declaration from I/M Hightower, and other witnesses), who wheelchaired the Plaintiff over to the clinic. Upon arrival the clinic door it was locked, and I was unable to gain entry into the clinic; I became upset because of this, and begin yelling loudly to let me in the clinic, that I needed

help. I went to one of the windows that are used to distribute medication to the general inmate population. I was accost by def. Kirkendall. After explaining the work related incident to her, and the injuries I had suffered; and sitting there obviously in serious pain, def. Kirkendall informed me that there was no doctor on duty. Def. Kirkendall gave me a Health Care Service Request form (CDCR 7362) told me to fill it out, then [she] issued me two (2) Tylenols for the pain, and tried to dismiss me without any further medical treatment. This frustrated me, and I became verbally belligerent at being denied access to the clinic and being unable to see a doctor.

20) Plaintiff sat infront of facility-A medical clinic, banging on the door requesting to be seen by a doctor. Plaintiff was subsequently escorted away from the clinic and ordered by staff to return to assigned housing unit or receive a rules violation infraction.

21) By defendant Kirkendall's failure to treat and document any of the events that occurred on 2/12/20, caused a substantial delay in the Plaintiff being seen by def. Wong, and to receive any timely medical treatment for the injuries he sustained.

### FIRST CAUSE OF ACTION
### FAILURE TO PROVIDE MEDICAL TREATMENT TO A SERIOUS MEDICAL NEED IN VIOLATION OF PLAINTIFFS EIGHTH AMENDMENT RIGHTS

22) Plaintiff assert that defendant Kirkendall acted with deliberate indifference to his serious medical needs when [she] failed to provide him with the basic requires medical treatment the law requires (i.e., denied the right to be examined by a certified Primary Care Provider, who possessed the necessary medical training to make a sound and effective medical evaluation to determine the extent of the pliantiff's injuries).

23) Defendant Kirkendall acting with the state of mind to deny the plaintiff with the treatmenthis medical injuries required based on the fact that the Plain-

-5-

tiff became abit irrate due to being left to suffer in pain outside the medical clinic, when it was just as easy to permitted him entry to be examined. Plaintiff used alittle expletive, derogatory langauge due to the pain he was experiencing at the time, and being ignored, and denied treatment.

24) After causing a commotion in an attempt to draw attention and get someone to allow him to see a doctor, the Search and Escort ("S&E") officers, def. Kirken-dall stated to the Plaintiff that his injuries did not appear to be serious enough to need a doctor; she then gave me a medical request form and two (2) tylenols for the pain and dismissed me without so much as writing my name down for future follow-up treatment.

25) Defendants Kirkendall's failure to document the events caused any future treatments to be delayed. The keeping on medical records is a necessity. Adequate and accurate records are of "critical importance... in any attempt to provide a continuity of medical care", and absence or deficient records creates "the possi-bility for disaster".

26) Based on the failure of defendant Kirkendall, made it virtually impossible for any physician to follow up on plaintiffs injuries, because defendant Kirkendall failed to provide them with any preliminary record of the incident or the plaint-iffs injuries.

27) Courts has found that an "utterly deficient" medical record keeping to be a constitutional violation.

28) As a direct and proximate cause of the aforementioned acts of defendant Kirkendall, Plaintiff was left to suffer in complete pain and mental anguish for an unenumerated amount of time.

SECOND CAUSE OF ACTION
FAILURE TO PROPERLY EXAMINE THE PLAINTIFF
AND PROVIDE PAIN MEDICATION OR PHYSICAL THERAPY AFTER SUFFERING
A WORK RELATED INJURY CAUSING HIM   UNNECESSARY AND WANTON INFLICTION PAIN

29) Plaintiff was finally seen by the PCP, defendant Wong, on February 27, 2020,

-6-

25 days after the incident occurred, and after submitting about a half dozen medical request (CDCR 7362) forms.

30. Due to Plaintiff still enduring the pain from the fall when this incident occurred on 2/12/20, the plaintiff had to be wheelchaired over to the clinic by an Inmate ADA worker.

31) I informed def. Wong as to how I sustained my injuries, and the type of pain I had been experiencing. I informed def. wong that I was still unable to perform any of the duties my my job discription because of my injuries. I informed def. Wong that I needed a replacement back brace, and a wheelchair or walking apparatus in order to get around on my own, without the assistance of the inmate ADA worker. And that I needed a stronger pain medication other then Tylenol, because they were not doing anything to relieve the level of pain I was enduring. I also requested to go to physical therapy.

32) After peforming a preliminary examination, def. Wong put in a referral for the plaintiff to have x-rays taken of his back and hip. And then def. Wong issued me a seven (7) day lay-in, which expired on 3/7/20.

33) After that visit Plaintiff never was prescribed any pain medication, no type of walker to assist in getting around with, no physical therapy was ever prescribed and no follow-up treatment was ever ordered or performed by def. Wong after that day. Even after Plaintiff submitted several more CDCR 7362 forms, in an attempt to been seen again.

34) Plaintiff was left to endure the pain and suffering caused by the work related injury without any real medical treatment.

35) Plaintiff finally was able to get the necessary medical treatment after he was transferred from MCSP, to Kern Valley State Prison. The Plaintiff received the physical therapy that was deperately needed and was issued a walker for his mobility impairment after being diagnose with arthritis in his lower spinal area. And given batter pain medication as well.

36) All of the treatment that the plaintiff received, immediately upon arriving at KVSP, in which he was issued a walker and a back brace, and continued to receive the necessary medical attention necessary for the physician, Dr. Zepp, to make all the correct diagnoses, and get the plaintiff the necessary medical treatment to get his pain and other medical conditions under control.

37) Every medical solution that the plaintiff attempted to get while at MCSP was given to him within weeks of arriving at KVSP. Therefore, there is no excuse that these defendants can give to support the reason for them denying me the medical treatment I had coming.

38) During the time it took for me to get transferred from MCSP to KVSP, the injuries that I had sustained as a direct result of the work related incident had only gotten worse during that time delay, which has caused my injuries to become debilitating.

### PRAYER FOR RELIEF

1) Plaintiff seeks compensatory and punitive damages in an amount in accordance with proof,

2) Punitive damages against each individual defendant in an amount sufficient to punish for the pain, suffering and mental anguish and emotional distress, the plaintiff had to endure for close to a year, and

3) such other relief as the Court deems proper.

Dated: October 26, 2022.

Respectfully submitted:

Dwayne S. Montgomery
Plaintiff In Pro Se