UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DWAYNE STEVEN MONTGOMERY, | No. 2:22-cv-00127 DAD EFB (PC) |
| Plaintiff, | |
| v. | ORDER AND FINDINGS AND RECOMMENDATIONS |
| J. MORENO, et al., | |
| Defendants. | |

Plaintiff is a state prisoner proceeding without counsel in an action brought under 42 U.S.C. § 1983. After the court dismissed both the original complaint and amended complaint pursuant to 28 U.S.C. § 1915A for failure to state a claim (ECF Nos. 9 & 15), the court "in an abundance of caution" gave plaintiff leave to file a second amended complaint in an attempt to state a cognizable claim. ECF No. 15 at 4. Plaintiff has now filed a second amended complaint (ECF No. 22, "SAC"), which the court screens herein.[1][2]

---

[1] Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted," or "seeks monetary relief from a defendant who is immune from such relief." *Id.* § 1915A(b).

[2] On October 28, 2022, the undersigned issued findings and recommendations recommending that this action be dismissed due to plaintiff's failure to timely file a second

1

As in the first two complaints, plaintiff purports to bring an Eighth Amendment claim of deliberate indifference to serious medical needs. The allegations in the SAC are largely similar to the allegations in the amended complaint, described in detail in this court's earlier screening order. *See* ECF No. 15 at 2. Briefly, plaintiff alleges that the two defendants, a licensed vocational nurse and a physician working at Mule Creek State Prison in February 2020, failed to adequately address plaintiff's medical complaints after he sustained injuries in a slip-and-fall. (SAC at 4-7.)

In the prior screening order, the court found that the defendants' alleged acts and omissions did not rise to the level of deliberate indifference, which requires a showing that the defendant, acting with a state of mind more blameworthy than negligence, delayed, denied, or interfered with the treatment of plaintiff's serious medical needs. ECF No. 15 at 3, *citing Farmer v. Brennan*, 511 U.S. 825, 835 (1994); *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). Like the two prior complaints, the SAC fails to state a cognizable claim under this standard.

Despite notice of the deficiencies in the complaint and two opportunities to amend, plaintiff is unable to state a claim upon which relief could be granted. The court finds that further leave to amend is not warranted. *See Plumeau v. School Dist. # 40*, 130 F.3d 432, 439 (9th Cir. 1997) (denial of leave to amend appropriate where further amendment would be futile).

Accordingly, it is hereby ORDERED that the October 28, 2022 findings and recommendations are WITHDRAWN.

It is hereby RECOMMENDED that plaintiff's second amended complaint (ECF No. 22) be DISMISSED without leave to amend for failure to state a claim upon which relief could be granted, and this case closed.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned

---

amended complaint. (ECF No. 19.) As plaintiff subsequently filed the SAC, the court withdraws its earlier findings and recommendations.

"Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

Dated: March 10, 2023.

_____
EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE