UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DWAYNE STEVEN MONTGOMERY,<br><br>Plaintiff,<br><br>v.<br><br>J. MORENO, et al.<br><br>Defendants. | No. 2:22-cv-00127-DAD-EFB (PC)<br><br>ORDER DECLINING TO ADOPT FINDINGS AND RECOMMENDATIONS DISMISSING THIS ACTION DUE TO PLAINTIFF'S FAILURE TO STATE A COGNIZABLE CLAIM<br><br>(Doc. No. 23) |

Plaintiff Dwayne Steven Montgomery is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action brought pursuant to 42 U.S.C. § 1983. This matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636 (b)(1)(B) and Local Rule 302.

On November 14, 2022, plaintiff filed a second amended complaint ("SAC") in this action in which he alleged that defendants Kirkendall and Wong, a licensed vocational nurse and a physician working at Mule Creek State Prison ("MCSP") in February 2020, had failed to provide him with treatment after he sustained injuries in a slip and fall kitchen accident thus demonstrating deliberate indifference to his serious medical needs. (Doc. No. 22.) On March 10, 2023, the assigned magistrate judge screened plaintiff's SAC and issued findings and recommendations recommending that this action be dismissed without leave to amend, finding that plaintiff had failed to state a cognizable claim for deliberate indifference to a serious medical

1

1  need against either defendant.  (Doc. No. 23.)  Those findings and recommendations were served
2  on plaintiff and contained notice that any objections thereto were to be filed within fourteen (14)
3  days from the date of service.  (*Id.* at 2.)  To date, no objections to the pending findings and
4  recommendations have been filed, and the time in which to do so has now passed.[1]

5        In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C), this court has conducted a
6  *de novo* review of the case.  Having carefully reviewed the entire file, the court declines to adopt
7  the recommendation that plaintiff's SAC be dismissed.  The undersigned concludes that plaintiff
8  has presented sufficient factual allegations to satisfy the applicable pleading standard with respect
9  to his deliberate indifference claim.

10        In this regard, plaintiff alleges in his SAC as follows.  On February 12, 2020, while
11  performing his assigned duties as a scullery worker, plaintiff slipped and fell on some food
12  spillage.  (Doc. No. 22 at ¶ 19.)  Plaintiff immediately reported the incident to the work
13  supervisors who were on duty.  (*Id.*)  A corrections officer called the medical clinic and informed
14  them that plaintiff had suffered injuries due to a work-related accident.  (*Id.*)  Plaintiff was
15  instructed to report to the facility-A medical clinic.  (*Id.*)  Because he could not walk
16  independently, plaintiff was assisted by a fellow inmate, who took him to the clinic in a
17  wheelchair.  (*Id.*)  Upon arrival, plaintiff was unable to gain entry into the clinic.  (*Id.*)  After
18  plaintiff explained to defendant vocational nurse Kirkendall the work-related injury he had just
19  suffered, the injuries he had sustained, and that he was in severe pain, defendant Kirkendall
20  informed him that there was no doctor on duty.  (*Id.*)  In response, plaintiff became verbally
21  belligerent, causing a commotion in an attempt to see a doctor.  (*Id.*)  Thereafter, defendant
22  Kirkendall stated that plaintiff's injuries did not appear to be serious enough to need a doctor, and
23  she gave him a health care service request form, issued two Tylenol for his pain, and dismissed

---

[1] On March 16, 2023, the Clerk of the Court did receive a letter from plaintiff in which he inquired regarding the status of this case, explained his late filing of his SAC, and requested a copy of his SAC, which he had been unable to copy before filing. (Doc. No. 24.)  Although undated, that letter was clearly written before plaintiff's receipt of the pending March 10, 2023 findings and recommendations, which also withdrew the October 28, 2022 findings and recommendations to which plaintiff had objected. (See Doc. Nos. 19, 21, 23, & 24.)  It is unclear to the undersigned whether plaintiff's request for a copy of his SAC was acted upon.

him. (*Id.* at ¶ 24.) Plaintiff was subsequently escorted away from the clinic and ordered by staff to return to his assigned housing unit or receive a rules violation infraction. (*Id.* at ¶ 20.) Defendant Kirkendall failed to treat plaintiff or document any of the events of February 12, 2020. (*Id.* at ¶ 21.) According to plaintiff, due to defendant Kirkendall's failure to keep a preliminary record of the incident or of plaintiff's injuries, no physician was able to follow up on plaintiff's injuries for some time, during which he suffered pain and mental anguish. (*Id.* at ¶¶ 26, 28.)

Plaintiff alleges that a doctor did not see him until February 27, 2020, fifteen days after the accident, and after he submitted about a half dozen medical request forms. (*Id.* at ¶ 29.) During that February 27, 2020 visit, plaintiff told defendant Dr. Wong how he had sustained the injuries, the type of pain he was experiencing, and his inability to perform any of his job duties. (*Id.* at ¶ 31.) He informed defendant Wong that he needed a back brace replacement and a wheelchair or walking apparatus to get around without assistance from an inmate ADA worker. (*Id.*) Because Tylenol was not relieving his pain, plaintiff told Dr. Wong that he needed stronger pain medication. (*Id.*) In addition, he requested to go to physical therapy. (*Id.*) After performing a preliminary examination, defendant Dr. Wong referred plaintiff for X-rays of his back and hip. (*Id.* at ¶ 32.) Defendant Dr. Wong issued plaintiff a seven-day lay-in, which expired on March 7, 2020. (*Id.*) However, following that doctor visit on February 27, 2020, plaintiff was never prescribed any pain medication, walking apparatus, physical therapy, or provided any follow-up treatment, even after plaintiff submitted several more CDCR 7362 forms to be seen by the doctor again. (*Id.* at ¶ 33.)

Several months later, plaintiff was later transferred from MCSP to Kern Valley State Prison ("KVSP"). (*Id.* at ¶ 35.) He alleges that upon arriving at KVSP, he was immediately provided with a walker and back brace and that he received the necessary medical attention to treat his pain and medical condition (*id.* at ¶ 36), including physical therapy and pain medication (*id.* at ¶ 35). At KVSP, he was diagnosed as suffering from arthritis in his lower spine area. (*Id.*) Plaintiff alleges that all of this medical treatment was given to him within weeks of his arrival at KVSP and therefore that defendants have no excuse for denying him medical treatment when he was at MCSP. (*Id.* at ¶ 37.) Finally, plaintiff alleges that while awaiting transfer to KVSP, the

3

injuries he sustained at MCSP as a direct result of the work-related incident had worsened, which caused his injuries to become debilitating.  (*Id.* at ¶ 38.)

"[T]o maintain an Eighth Amendment claim based on prison medical treatment, an inmate must show 'deliberate indifference to serious medical needs.'" *Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006) (quoting *Estelle v. Gamble*, 429 U.S. 97, 104 (1976)).  Deliberate indifference is identified by application of a two-part test requiring plaintiff to show (1) "a serious medical need by demonstrating that failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain," and (2) "the defendant's response to the need was deliberately indifferent." *Id.* (quoting *McGuckin v. Smith*, 974 F.2d 1050, 1059 (9th Cir. 1992), *overruled on other grounds by WMX Techs., Inc. v. Miller*, 104 F.3d 1133, 1136 (9th Cir. 1997) (internal quotation marks omitted)).

Examples of instances where a prisoner has a "serious" need for medical attention include "[t]he existence of an injury that a reasonable doctor or patient would find important and worthy of comment or treatment; the presence of a medical condition that significantly affects an individual's daily activities; or the existence of chronic and substantial pain . . . ." *McGuckin*, 974 F.2d at 1059–60.  The "second prong—defendant's response to the need was deliberately indifferent—is satisfied by showing (a) a purposeful act or failure to respond to a prisoner's pain or possible medical need and (b) harm caused by the indifference." *Jett*, 439 F.3d at 1096 (citing *McGuckin*, 974 F.2d at 1060).  Indifference may be manifested "when prison officials deny, delay or intentionally interfere with medical treatment, or it may be shown by the way in which prison physicians provide medical care." *Id.*  For a prisoner to make a claim of deliberate indifference to serious medical needs based on a delay in receiving treatment, the delay must have led to further harm.  *See McGuckin*, 974 F.2d at 1060.

The allegations of plaintiff's SAC must be taken as true and construed in the light most favorable to him.  Plaintiff alleges that the injury he sustained as a result of his slip and fall left him unable to walk and in great pain.  Liberally construed, the SAC plausibly alleges that plaintiff had a condition that "significantly affect[ed] [his] daily life" and that caused him "chronic and substantial pain," and that defendant Wong's refusal to provide plaintiff medication, a walking

4

apparatus, and physical therapy did "result in further significant injury or the unnecessary and wanton infliction of pain." *See id.* at 1059 (citation and internal quotation marks omitted). That is, plaintiff has plausibly alleged a serious medical need for further treatment. *See Flowers v. Cryer*, No. 1:17-cv-00263-AWI-MJS, 2017 WL 2547042, at *3 (E.D. Cal. June 13, 2017) ("Plaintiff's allegations of 'extreme' and 'severe' pain are sufficient to state a serious medical need."); *Scalia v. Cnty. of Kern*, 308 F. Supp. 3d 1064, 1076–77 (E.D. Cal. 2018) (finding that the plaintiff's fall onto bare concrete resulting in an inability to walk would indicate that the plaintiff has a serious medical need); *Burnett v. Faecher*, 08-cv-02745-PSG-MLG, 2009 WL 2007118, at *7 (C.D. Cal. July 6, 2009) ("Plaintiff's allegations of disabling back pain are sufficient to establish a serious medical need.").

The pending findings and recommendations appear to find the allegations of plaintiff's SAC insufficient as to the second prong of the applicable standard—that defendants purposefully ignored or failed to respond to plaintiff's pain or possible medical needs. In this regard, the findings and recommendations conclude that, "[l]ike the two prior complaints, the SAC fails to state a cognizable claim" because "defendants' alleged acts and omissions [do] not rise to the level of deliberate indifference, which requires a showing that the defendant, acting with a state of mind more blameworthy than negligence, delayed, denied, or interfered with the treatment of plaintiff's serious medical needs." (Doc. No. 23 at 2.) It is true that the SAC does not explicitly allege what defendant Wong's statement of mind was. However, the SAC—particularly given the liberal construction the court is required to give it—does allege facts, if proven, sufficient from which to plausibly conclude that defendant Wong was aware of plaintiff's pain and inability to walk without a walker, and with reckless disregard for plaintiff's deteriorating condition, denied him basic medical necessities, including pain medication, physical therapy, and a walking

/////
/////
/////
/////
/////

5

apparatus, as well as any follow-up care after his February 27, 2020 visit.[2] *See England v. Horel*, No. 10-cv-00153-SI, 2010 WL 3910343, at *1, *3 (N.D. Cal. Oct. 4, 2010) (finding that the complaint stated a cognizable claim against defendants for deliberate indifference for allegedly denying the plaintiff's requests for increased or different pain medications and physical therapy); *Gay v. Esquetini*, No. 15-cv-06627-BRO-AS, 2016 WL 11521906, at *6 (C.D. Cal. Nov. 4, 2016) (holding that the plaintiff sufficiently alleged facts demonstrating that the defendants were deliberately indifferent in failing to provide the plaintiff with pain medications where plaintiff pled facts indicating that defendants were aware of plaintiff's complaints of pain); *Sena v. Daniels*, No. 2:21-cv-01154-GMN-NJK, 2022 WL 17542857, at *6–7 (D. Nev. Mar. 29, 2022) (finding that the plaintiff's allegations were "enough for screening purposes to state a colorable claim against Pena for deliberate medical indifference by failing to prescribe further testing, diagnosis, or treatment" where the plaintiff had a serious medical need). In addition, when taken as true, plaintiff's allegations of deterioration due to not being treated until he transferred to KVSP are sufficient to demonstrate harm caused by this indifference. Plaintiff has thus stated a claim of deliberate indifference against defendant Wong.

Likewise, the undersigned concludes that plaintiff has sufficiently alleged facts to state a claim of deliberate indifference against defendant Kirkendall for failing to document his injuries, which delayed plaintiff's ability to obtain treatment. *See Jett*, 439 F.3d at 1096 (stating that deliberate indifference can be shown by a purposeful act or by failure to respond to plaintiff's

---

[2] Although a mere difference in medical opinion is not sufficient to establish deliberate indifference, *Toguchi v. Chung*, 391 F.3d 1051, 1058–60 (9th Cir. 2004), when viewing plaintiff's allegations in the light most favorable to him, plaintiff's allegations regarding the difference in the medical treatment he received between MCSP and KVSP supports his claim that defendant Wong was deliberately indifferent to his medical needs. *See Quezada v. Akabike*, No. 1:18-cv-CV-00797-DAD-JLT, 2021 WL 4461129, at *3 (E.D. Cal. Sept. 29, 2021), *report and recommendation adopted*, No. 1:18-cv-00797-DAD-JLT, 2021 WL 5331203 (E.D. Cal. Nov. 16, 2021) (finding that the plaintiff's allegation regarding the difference in medical treatment he received once he was transferred to another prison supported the plaintiff's claim that the defendant doctor was deliberately indifferent to the plaintiff's needs). In short, according to the allegations of his SAC, while imprisoned at MCSP where the accident occurred, plaintiff received nothing but over-the-counter Tylenol, and yet when he arrived later at KVSP, the same injury was immediately treated with appropriate pain medication, a back brace, a walker, and physical therapy.

pain or medical need and harm caused by indifference); *Downs v. Jiminez*, No. 2:22-cv-01021-AC, 2023 WL 3063335, at *3 (E.D. Cal. Apr. 24, 2023) (finding that the plaintiff had stated a claim for deliberate indifference against the prison nurse based on the nurse's failure to document his injuries, which delayed the plaintiff's ability to obtain treatment); *McCarter v. Cal. Dep't of Corr. & Rehab.*, No. 08-cv-00257-VAP-FMO, 2009 WL 2049359, at *13 (C.D. Cal. July 9, 2009) ([P]laintiff's allegations that because of his obvious pain and the condition of his arm, [the nurse] should have immediately referred him to a doctor and provided him with pain medication, are sufficient to allege that [the nurse's] conduct (or lack thereof) constitutes deliberate indifference to plaintiff's serious medical needs.") (internal citations omitted).

Of course, in reaching this conclusion, the undersigned in no way is indicating that plaintiff's allegations and claims are meritorious. Rather, the court has merely concluded that, when construed liberally, those allegations are sufficient to survive dismissal upon screening.

For the reasons explained above:

1. The undersigned declines to adopt the March 10, 2023, findings and recommendations (Doc. No. 23);

2. The matter is referred back to the assigned magistrate judge for further proceedings consistent with this order; and

3. The Clerk of the Court is directed to provide plaintiff with a copy of his SAC (Doc. No. 22) unless that has already been done.

IT IS SO ORDERED.

Dated:  **June 21, 2023**                    /s/ Dale A. Drozd
                                              UNITED STATES DISTRICT JUDGE